**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jesus VEA–GONZALES, Defendant– Appellant.**

**No. 91–30469.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1992.

Decided Feb. 22, 1993.

As Amended on Denial of Rehearing and Rehearing En Banc July 13, 1993.

## 1328

Brian P. Conry, Portland, OR, for defendant-appellant.

J. Richard Scruggs, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

Before: TANG, BRUNETTI and FERNANDEZ, Circuit Judges.

Opinion by Judge Fernandez

FERNANDEZ, Circuit Judge:

Jesus Vea–Gonzales, also known as Antonio Perez Salizar Torres, appeals his sentence under the Sentencing Guidelines, following his guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). He asserts that a prior offense under 21 U.S.C. § 843(b) (use of a communication facility in facilitation of a drug offense) should not have been used as a predicate offense for career offender purposes. U.S.S.G. § 4B1.1. He also claims that the district court erred when it did not allow him to contest the validity of his prior convictions at sentencing. We find no merit in his first contention. However, we agree with his second contention. Therefore, we vacate his sentence and remand for resentencing.

## BACKGROUND

Pursuant to a plea agreement, Vea–Gonzales pled guilty to a single count of cocaine possession with the intent to distribute. Prior to sentencing, he moved for a hearing and discovery so that he could bring a collateral attack on his prior convictions. The district court denied the motion. The presentence report showed his offense level to be 28, adjusted to 26 for acceptance of responsibility. That resulted in a 92 to 115 month sentencing range. However, the report indicated that Vea–Gonzales was a career offender under U.S.S.G. § 4B1.1, based on two drug-related prior convictions. That increased defendant's sentencing range to 210 to 262 months.

At the December 2, 1991 sentencing hearing, the court adopted those conclusions and sentenced Vea–Gonzales to 210 months imprisonment. The court ruled that his 1985 conviction for unlawful use of a communication facility in furtherance of a drug offense, 21 U.S.C. § 843(b), was a predicate "controlled substance offense" for career offender purposes under the Sentencing Guidelines. The court also denied a motion to reconsider its denial of his motion for a hearing to collaterally attack the prior convictions.

## STANDARD OF REVIEW

The district court's determination that a defendant is a career offender is subject to de novo review when it involves an interpretation of the Guidelines. *United States v. Becker*, 919 F.2d 568, 570 (9th Cir. 1990), *cert. denied*, 499 U.S. 911, 111 S.Ct. 1118, 113 L.Ed.2d 226 (1991); *see United States v. Blaize*, 959 F.2d 850, 851 (9th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 2954, 119 L.Ed.2d 576 (1992). We review the court's factual findings at the sentencing hearing for clear error. *United States v. Chapnick*, 963 F.2d 224, 226 (9th Cir.1992).

## DISCUSSION

A. *Section 843(b) as a Career Offender Predicate Offense*

Under the Guidelines, a defendant qualifies as a career offender if he was at least eighteen years old at the time of the instant offense, the instant offense was a "felony that is either a crime of violence or a controlled substance offense," and he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. The Guidelines define a controlled substance offense as "an offense under a federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance...." U.S.S.G. § 4B1.2(2). Finally, the Application Notes explain that a controlled substance offense includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, comment. (n. 1).

Vea–Gonzales argues that his 1985 conviction for unlawful use of a communica-

tions facility is not a controlled substance offense for purposes of career offender status. In determining whether a prior conviction supports career offender status, we generally look to the statutory definition of the crime, rather than to the defendant's specific conduct. *Becker,* 919 F.2d at 570 (adopting the "categorical approach" of the Supreme Court in *Taylor v. United States,* 495 U.S. 575, 600, 110 S.Ct. 2143, 2159-60, 109 L.Ed.2d 607 (1990)). Under 21 U.S.C. § 843(b):

> It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this [control and enforcement] subchapter or [the import and export] subchapter ... of this [drug abuse and prevention] chapter.

This language places section 843(b) within the Guidelines' definition of a controlled substance offense. As an element of the offense, the statute requires that in the course of using a communications facility the defendant must either commit an independent drug crime, or cause or facilitate such a crime. As part of a section 843(b) prosecution, the government may prove that the defendant actually "manufacture[d], import[ed], export[ed], distribut[ed], or dispens[ed] ... a controlled substance." If proven, these acts would constitute an element of the communications facility offense. As such, the statute must be viewed as prohibiting those acts. Thus, because section 843(b) effectively prohibits the same conduct as is prohibited by "controlled substance offenses," the statute is a controlled substance offense for purposes of the career offender guideline.

■ The result is no different if, instead of proving that the defendant actually committed an independent drug crime, the prosecution instead proves as an element of the

section 843(b) offense that the defendant "caus[ed] or facilitat[ed] the commission" of a drug crime, as provided in the statute.[1] The same result obtains because, if these facts were proven in the context of a prosecution for the underlying drug crime (rather than in a section 843(b) prosecution), the defendant could be found guilty of the underlying drug crime on an aiding and abetting theory. *See* 18 U.S.C. § 2; *see also, e.g., United States v. Mastelotto,* 717 F.2d 1238, 1243 n. 2 (9th Cir.1983) (section 2, 18 U.S.C., "states a means of establishing liability but does not itself define a crime"). It would therefore be anomalous to say that, although both the independent drug crime and section 843(b) prohibit the same type of assistance, the former is a controlled substance offense while the latter is not. In either case, the relevant laws effectively prohibit the acts set forth in Guidelines section 4B1.2(2)'s definition of "controlled substance offenses."

Vea–Gonzales argues that "facilitation" under section 843(b) does not require the same mens rea as aiding and abetting a controlled substance offense under the Guidelines' career offender statute and concludes it should not be treated the same way. In *United States v. Adler,* 879 F.2d 491, 495 (9th Cir. 1988), we held that "facilitation" under section 843(b) "is established by showing that use of a communications facility (here, a telephone) made easier or less difficult, or assisted or aided, the narcotics offense." Contrary to Vea–Gonzales's assertion, that level of conduct is of the same quality as that which makes a defendant an aider or abettor. To aid and abet, under 18 U.S.C. § 2, means "to assist the perpetrator of a crime." In order to aid and abet another to commit a crime, "it is necessary that a defendant 'in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seeks by his action to make it succeed.'" *United States v. Reese,* 775 F.2d 1066, 1072 (9th Cir.1985)

---

1. We recognize that section 843(b) could conceivably include the facilitation of a mere possession offense. *See* 21 U.S.C. § 844. Possession alone is not a controlled substance offense within the meaning of the career offender guideline. Here, however, the Information specifically charged that distribution of heroin was being

facilitated. Furthermore, the factual basis for Vea–Gonzales's guilty plea establishes that his use of a communications facility assisted narcotics distribution. Thus, even under a categorical approach the prior offense must be treated as a distribution facilitation conviction. *See Taylor,* 495 U.S. at 602, 110 S.Ct. at 2160.

(citations omitted). In effect, section 843(b) imposes a discrete penalty for a particular kind of aiding and abetting.

Moreover, Vea–Gonzales ignores the fact that section 843(b) requires that a defendant "knowingly or intentionally" further the commission of the drug offense. To prove a section 843(b) violation for using a telephone to facilitate a controlled substance conspiracy, the government must show that defendant "knowingly and intentionally facilitated a [specified drug-related offense] by the use of the telephone." *United States v. Turner,* 528 F.2d 143, 165 (9th Cir.), *cert. denied,* 423 U.S. 996, 96 S.Ct. 426, 46 L.Ed.2d 371 (1975).[2]

The cases on which Vea–Gonzales relies to support his position are entirely distinguishable. In *United States v. Liranzo,* 944 F.2d 73, 79 (2d Cir.1991), the Second Circuit held that the New York criminal facilitation statute could not be a controlled substance offense because it, "unlike the crimes of aiding and abetting, conspiracy, or attempt, ... does not involve the *intent* to commit the underlying substantive offense." Here that intent is required. In *Young v. United States,* 936 F.2d 533, 538 (11th Cir.1991), it was held that Alabama's forged prescriptions statute was not a predicate offense because it was unlike the drug trafficking offenses specifically listed in the prior version of Guideline section 4B1.2(2). Alabama's statute could be violated by using a forged prescription to obtain some drugs. Absent a copy of the state indictment, it could not be said that Young's violation was trafficking. Here the offense clearly was trafficking.

■■■ Vea–Gonzales also argues that the Guideline's Application Note, which states that the predicate offenses include aiding and abetting, impermissibly exceeds the scope of

section 4B1.2(2) itself. In interpreting the Guidelines and their accompanying commentaries, courts are required to consider them together, and, if possible, as consistent with each other. *United States v. Anderson,* 942 F.2d 606, 613–14 (9th Cir.1991) (en banc). Only if they are irreconcilable is the court to consider the guideline alone. *Id.* Here, the guideline and commentary are perfectly consistent. The guideline refers to violations of laws prohibiting the manufacture, import, export, distribution, or dispensing of drugs. Aiding and abetting, conspiracy, and attempt are all violations of those laws. So, by the way, is facilitating; in fact it *is* one of those laws.

Accordingly, we hold that the facilitating offense proscribed by section 843(b) is a predicate offense for career offender purposes.[3]

**B.  *Collateral Attack on Prior Convictions at Sentencing***

■■■ Prior to sentencing, Vea–Gonzales moved for a hearing to collaterally attack his 1985 facilitation conviction on the ground of ineffective assistance of counsel, based upon an alleged conflict of interest.[4] The district court denied the motion on the basis of its opinion in *United States v. Avery,* 773 F.Supp. 1400, 1408 (D.Or.1991), in which it had held that the Sentencing Guidelines' definition of "prior sentence" allowed the court to rely on facially valid prior judgments for career offender purposes. It had also indicated that it must not consider a judgment which is invalid on its face or which had been invalidated on direct appeal or by a habeas petition. *Id.* Beyond that, it had decided that a defendant may not attack prior convictions, although it proceeded to consider the

---

2.  See *United States v. Hegwood,* 977 F.2d 492, 495 (9th Cir.1992), where we said that the standard is "knowing or intentional." That seems correct but does not affect this case, so we need not resolve the conflict, if any.

3.  *See also* V *Questions Most Frequently Asked About the Sentencing Guidelines* No. 118, at 34–35 (1992) (A section 843(b) offense "may be likened to aiding and abetting a drug offense. Thus, a 'telephone count' may be appropriately considered a 'controlled substance offense' for

career offender purposes if the felony caused or facilitated by use of the communication's facility would be so considered.").

4.  At the sentencing hearing, Vea–Gonzales also objected to his other prior conviction for delivery of a controlled substance. That was a 1989 Oregon state court conviction. As with the federal conviction, Vea–Gonzales alleged ineffective assistance of counsel.

defendant's claims. In the case at hand, however, the district court indicated that it has discretion in the matter. Vea–Gonzales argues that he was *entitled* to attempt to show that his prior conviction was unconstitutional before the court used it to classify him as a career offender. We agree.[5]

■■■ No doubt, the district court must apply the provisions of section 4A1.2 in determining whether a defendant's prior conviction counts towards career offender status. U.S.S.G. § 4B1.2, comment. (n. 4) (definitions and instructions for computing criminal history). Section 4A1.2(a)(1) defines a prior sentence generally as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense." The definition is limited by Application Note 6, which states in part: "[S]entences resulting from convictions that a defendant shows to have been *previously ruled* constitutionally invalid are not to be counted." U.S.S.G. § 4A1.2, comment. (n. 6) (emphasis added). This version of Note 6 was adopted, effective November 1, 1990, and hence, is applicable to Vea–Gonzales. The earlier, 1987, version stated: "Convictions which the defendant shows to have been constitutionally invalid may not be counted in the criminal history score." [6]

We have interpreted the 1987 version to entitle a defendant to challenge the constitutional validity of a prior conviction at the time of sentencing, if the district court proposed to use the prior conviction to increase

defendant's criminal history score. *United States v. Guthrie*, 931 F.2d 564, 571 (9th Cir.1991).[7] In *Guthrie*, as here, the collateral attack was based on an alleged conflict of interest that assertedly rendered counsel's representation ineffective under the Sixth Amendment. *Id.* at 570.

Although the defendant in *Guthrie* was sentenced under the 1987 version, we did note that the 1990 amendment might require a different result. We said that "[t]he 'previously ruled' language implies that defendants no longer may challenge prior convictions at the sentencing stage." *Id.* at 570 n. 4; *see also United States v. Carroll*, 932 F.2d 823, 825 n. 1 (9th Cir.1991); *United States v. Mims*, 928 F.2d 310, 312 n. 1 (9th Cir.1991). At the same time, however, we recognized in *Guthrie*, 931 F.2d at 570 n. 4, that the 1990 Guidelines Background Note, which follows the commentary to section 4A1.2, contains the following statement: "The Commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction." U.S.S.G. § 4A1.2, comment. (backg'd.) (Nov.1990). We declined to reconcile that background note with the application note. Nevertheless, we did caution that even if the 1990 Note 6 proscribed collateral attacks at sentencing, "[t]he Constitution may afford such a right...." *Guthrie*, 931 F.2d at 571 n. 6. The 1990 provisions on which *Guthrie* remarked remained intact under the 1991 Guidelines applicable at Vea–Gonzales's sentencing.

5. No direct review of the conviction was pending. The same is true of the prior state conviction referred to in footnote 4. We do not decide whether a different rule should apply when a direct appeal from the prior conviction is pending. The Guidelines suggest that the rule should be the same. *See* U.S.S.G. § 4A1.2(a)(1). But see the concerns expressed in a different context in *United States v. Guzman–Colores*, 959 F.2d 132, 135–36 (9th Cir.1992) and *Williams v. United States*, 651 F.2d 648, 650 (9th Cir.1981).

6. The Commission's explanation for the amendment does not discuss this change, except to state that it "clarifies the circumstances under which prior sentences are excluded from the criminal

history score." U.S.S.G.App. C, Amendment 353, at 171.

7. *See also United States v. Jones*, 907 F.2d 456, 460–67 (4th Cir.1990) (holding that Guidelines require court to inquire into the validity of prior convictions, under the 1987 Note 6, and remanding for an evidentiary hearing on defendant's claim that prior conviction resulted from an involuntary guilty plea), *cert. denied*, 498 U.S. 1029, 111 S.Ct. 683, 112 L.Ed.2d 675 (1991). But see *United States v. Jones*, 977 F.2d 105, 110 (4th Cir.1992), which in explaining *Jones*, 907 F.2d 456, during the second appeal of the same case, held that the district court had discretion to hear or not to hear the challenge in most instances.

The Second, Fifth, Sixth, and Eleventh Circuits [8] have addressed the meaning of the current Note 6 and the Background Note, and have held that those notes combine to give district courts discretion over whether to permit a collateral attack on constitutional grounds. In *United States v. Jakobetz*, 955 F.2d 786, 805 (2d Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 104, 121 L.Ed.2d 63 (1992), the court explained:

> while defendants may always present the sentencing court with evidence that another court has ruled their prior convictions invalid and hence unsuitable for consideration as part of the criminal history score at sentencing, the court also retains discretion to determine whether a defendant may mount an initial challenge to the validity of such convictions.

*See also United States v. French*, 974 F.2d 687, 701 (6th Cir.1992); *United States v. Canales*, 960 F.2d 1311, 1315 (5th Cir.1992); *United States v. Cornog*, 945 F.2d 1504, 1511 (11th Cir.1991).

In general, these courts have not set forth the contours of the discretion thus conferred upon the district courts. The Second Circuit and the Sixth Circuit have simply declared that the sentencing court has discretion. *French*, 974 F.2d at 701; *Jakobetz*, 955 F.2d at 805. The Eleventh Circuit has opined that the district court should consider the scope of the inquiry, whether the issue is contested, and whether the conviction is invalid on its face. *Cornog*, 945 F.2d at 1511 n. 16. The Fifth Circuit has come the closest to setting quantifiable standards. It has directed district courts to consider the items mentioned by the Eleventh Circuit, plus comity and whether some other remedy is available. *Canales*, 960 F.2d at 1316. In short, these courts have treated the issue as one of "procedural expediency," as did the district court in *Avery*, 773 F.Supp. at 1407.

On the other hand, in *United States v. Hewitt*, 942 F.2d 1270, 1276 (8th Cir.1991), the Eighth Circuit held that the 1990 version of Note 6 required the district court to count a prior conviction, unless the defendant could present evidence that the conviction had previously been ruled invalid. Hewitt asserted

that the prior conviction was unconstitutional under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which requires the record to show that a defendant pled guilty knowingly and voluntarily. However, Hewitt did not introduce the record, but only the docket sheet, which merely noted his plea. As the prior conviction was facially valid, the Eighth Circuit ruled that the district court properly counted the prior conviction in Hewitt's criminal history score.

We must respectfully disagree with each of these decisions. The Guidelines do not compel, or even particularly suggest, the results reached in those cases. More importantly those decisions do not comport with the longstanding law of this circuit.

Nothing in the Guidelines indicates that a constitutional attack may never take place at sentencing. On the contrary, that very issue is left to the courts. Thus, we do not agree with the Eighth Circuit's seemingly absolute prohibition.

Furthermore, the cases which have decided that the district court has discretion to hear challenges if it wishes to do so have relied upon the Background Note's statement that the issue of whether a defendant may collaterally attack a prior conviction at sentencing is left to court determination and the Note 6 statement that convictions "previously ruled" unconstitutional cannot be used. Those courts seem to have overlooked the fact that the Background Note's meaning is ambiguous at best. Equally, if not more, likely the Commission intended to leave to the judiciary the entire issue of determining the kinds of collateral attacks (if any) which would be permissible at sentencing, rather than leaving that decision to each district court on a case by case basis. The approach endorsed by the Second, Fifth, Sixth, and Eleventh Circuits may well promote disparate treatment of similarly situated defendants, a result at odds with the Guidelines' central mission. As this case underscores, a defendant's criminal history score can greatly affect his sentence. The authority given to the sentencing court by a discretionary

---

**8.** The Fourth Circuit has found that discretion exists under the pre-1990 version and, presum-

ably, would continue to do so. *Jones*, 977 F.2d at 110.

approach is nearly unlimited. While one sentencing court might find "procedural expediency" argues against consideration of a collateral attack, another might well find a similar situation sufficiently compelling to require a hearing. That cannot further the goal of uniform and predictable sentences. Thus, we cannot accept that approach. Certainly, the Guidelines do not compel it.

Rather, we now answer the question we reserved in *Guthrie* and hold that the Constitution requires that defendants be given the opportunity to collaterally attack prior convictions which will be used against them at sentencing.

In *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), where lack of legal counsel was asserted, the Supreme Court held that a conviction not previously invalidated yet invalid on its face under *Gideon v. Wainwright*[9] could not be used for penalty enhancement under a state's recidivist statute. In *United States v. Tucker*, 404 U.S. 443, 449, 92 S.Ct. 589, 593, 30 L.Ed.2d 592 (1972), the Court held that a conviction invalidated under *Gideon* could not be considered in sentencing a defendant after a subsequent conviction.[10] Thus, the Supreme Court has held that the Constitution proscribes the use of prior convictions for sentence enhancement where the defendant was denied counsel under *Gideon*. *See United States v. Custis*, 786 F.Supp. 533, 536 (D.Md. 1992).

In *Farrow v. United States*, 580 F.2d 1339 (9th Cir.1978) (en banc), our seminal pre-Guidelines case, we held that *Tucker* requires the district court to undertake a hearing to determine the validity of the challenged prior convictions if the conviction will be used to enhance the defendant's sentence. *Id.* at

1354. Of course, in Guidelines cases prior sentences are generally so used.

*Farrow* involved a *Gideon* violation, but we have not limited the availability of collateral attacks to *Gideon* violations. In *Brown v. United States*, 610 F.2d 672, 674–75 (9th Cir.1980), *Farrow* was extended to require a hearing on ineffective assistance of counsel claims. Noting that *Tucker*'s scope is uncertain, we stated: "it is clear that the right to the assistance of counsel and the right to effective assistance of counsel are constitutional equivalents." *Id.* at 675. Accordingly, "Brown's allegations regarding the adequacy of Iowa counsel could present questions which would require a hearing." *Id.*

Indeed, in other pre-Guidelines decisions we indicated that we would permit collateral attacks premised on any constitutional infirmity. In *United States v. Williams*, 782 F.2d 1462 (9th Cir.1985), a direct sentencing appeal, we stated that "a sentence is subject to review if it has been enhanced in reliance on an unconstitutional conviction," and it "must be set aside if the court relied at least in part on misinformation of constitutional magnitude." *Id.* at 1466 (citation omitted). See also *Feldman v. Perrill*, where we allowed a federal prisoner to attack his sentence on grounds that an enhancing prior state conviction was unconstitutional because he was incompetent to enter a plea in the state proceeding. 902 F.2d 1445, 1447–49 (9th Cir.1990).

Whatever the effects of the 1990 Guidelines amendments might have been, they cannot have limited a defendant's constitutional rights.[11] Even before the Guidelines were enacted, the federal courts had attempted to delineate the bounds of permissible collateral attacks, but the issue remained unresolved.

9. 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

10. *Cf. Lewis v. United States*, 445 U.S. 55, 60, 100 S.Ct. 915, 918, 63 L.Ed.2d 198 (1980) (distinguishing *Burgett* and *Tucker*, and holding that a conviction for felon in possession of a firearm under 18 U.S.C.App. § 1202(a)(1) was valid, whether or not the prior felony conviction was subject to collateral attack under *Gideon* ).

11. It should be noted that *Brown, Feldman,* and *Farrow* all reviewed motions to vacate sentences

under 28 U.S.C. § 2255, and accordingly did not specifically require collateral attacks at *sentencing*. However, if a defendant is constitutionally entitled to collaterally attack the consideration of prior convictions at sentencing by using section 2255, it follows *mutatis mutandis* that he can bring his attack at the sentencing hearing itself. *See also Evenstad v. United States*, 978 F.2d 1154, 1157–58 (9th Cir.1992) (failure to raise issue at sentencing waives it absent showing of cause and prejudice).

It is to this problem that the Background Note most likely refers. Nevertheless, this circuit had spoken. Therefore, the district court erred by denying Vea–Gonzales an opportunity to challenge the validity of his 1985 and 1989 convictions.

We do not ignore, nor are we insensitive to, the potential difficulties this reading may cause. As the district court cogently explained, allowing collateral attacks at sentencing could open up thorny procedural difficulties. Moreover, there is a possibility that sentencing proceedings will sometimes seem like *pro tanto* equivalents of section 2255 proceedings. First, as the motto of an ancient English house reads, "No thorns, no roses." If enforcement of constitutional rights sometimes undermines efficiency, it is the price we all pay for having a constitution. Second, we do not hold that the procedures must or should be different from those used in determining other disputes under the Guidelines. *See* U.S.S.G. §§ 6A1.1–6A1.3. Finally, we have previously held that a defendant *is* constitutionally entitled to collaterally attack allegedly unconstitutional prior convictions. The Guidelines cannot have changed that. To reach a different result in this case would require us to ignore our precedent.[12]

### CONCLUSION

Before the advent of the Guidelines, we had firmly established the rule that a defendant was entitled to attack the constitutionality of prior convictions which would otherwise be used against him at sentencing. In so doing, we made sentencing proceedings more difficult, but we also lit a flame of justice by assuring that an unconstitutional conviction could not be used again and again to cause still more harm to the person upon whom it was first visited.

If the Guidelines, as some believe, have brought light to an overly caliginous area of judicial discretion, that light did not envelop the one we had already lit. If the Guidelines,

as others believe, have cast a deep gloom over a bright area of judicial discretion, we have not become so benighted that we can no longer see the flame.

 In short, a defendant who is being sentenced under the Guidelines may mount constitutional attacks upon prior convictions which would otherwise be used to increase the punishment imposed upon him.

Sentence VACATED and REMANDED for further proceedings.

---

12. Vea–Gonzales claims for the first time on appeal that the evidence would not support his 1985 guilty plea. We decline to consider that issue. *United States v. Smith*, 924 F.2d 889, 893–94 (9th Cir.1991). At any rate, to the extent he is raising a constitutional challenge, he can present that to the district court. *But see McHenry v. California*, 447 F.2d 470, 471 (9th Cir.1971) (per curiam) (distinguishing a collateral challenge to prior conviction based on violations of federal constitutional law from a challenge based merely on insufficiency of evidence).