5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Louis Eugene JACKSON, Defendant-Appellant.
 No. 93-30062.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 26, 1993.
 
 Appeal from the United States District Court for the District of Oregon; No. CR-91-413-HJF, Helen J. Frye, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Louis Eugene Jackson appeals his sentence for bank robbery. Jackson claims that the district court erred in considering a 1987 state court conviction during sentencing, since the 1987 conviction was based on a guilty plea which was not knowing and voluntary as required by Boykin v. Alabama, 395 U.S. 238, 242 (1969). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 A defendant has a constitutional right to be "given the opportunity to collaterally attack prior convictions which will be used against him at sentencing." United States v. Vea-Gonzales, 986 F.2d 321, 327 (9th Cir.1993), amended, No. 91-30469 (9th Cir. July 13, 1993). Jackson was given that opportunity by the district court, which considered and rejected his claim that his guilty plea was not knowing and voluntary. We review the voluntariness of a guilty plea de novo. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990).
 
 
 4
 A guilty plea not only waives the right to a jury trial, the right to confront one's accusers, and the privilege against compulsory self-incrimination, it is also an admission of guilt to the substantive crime. Id. (citing Boykin, 395 U.S. at 243). "A voluntary plea therefore requires real notice of the true nature of the charge." Id. (citation and internal quotations omitted). When the accused does not understand the nature of the constitutional protections that he is waving, or has an incomplete understanding of the charge, his plea cannot stand. Id.
 
 
 5
 It is clear from the record that Jackson understood the nature of the charges against him, and therefore that his 1987 guilty plea was knowing and voluntary. Jackson, who was represented by counsel in 1987, signed a "Petition to Enter Plea Of Guilty," which acknowledged that he had read the indictment, discussed it with his attorney, and understood the accusations against him.[1] [ER 44] At the plea hearing, the trial judge confirmed that Jackson understood the charges against him by asking Jackson if he had read and understood the Petition, and whether his attorney had explained the petition and the charges to him. [ER 51-52] The trial judge also asked Jackson whether he understood that the guilty plea waived his three Boykin rights, namely, the right to a jury trial, the right to confrontation, and the right to remain silent. [ER 51] It is clear that Jackson's plea was knowing and voluntary.[2]
 
 
 6
 Jackson next argues that his guilty plea was invalid because there was not an adequate factual basis in the record to support the guilty plea. The Constitution, however, does not require that a guilty plea be supported by a factual predicate on the record. Newman, 912 F.2d at 1123.
 
 
 7
 Jackson next argues that his statements during his sentencing hearing indicated that he was claiming his innocence, or at least that he did not understand the nature of the charges against him. When a defendant denies guilt, the court must make a searching inquiry and the record must reveal a strong factual basis for a finding of guilty. United States v. Avery, No. 91-30326 (9th Cir., June 1, 1993) (citing North Carolina v. Alford, 400 U.S. 25 (1970)). Jackson's statements at sentencing were made after his guilty plea was accepted, and thus after he had admitted guilt to all of the factual elements of the crime. In any event, it is unclear whether Jackson's statements at sentencing indicated a denial of guilt. At the sentencing hearing, Jackson admitted that he broke into the house and used the kitchen, but claimed the he did so only because he was drunk. [ER 63-64] This is arguably not a claim of innocence. Even if it were, it came after Jackson had admitted to all of the factual elements of the crime through his knowing and voluntary guilty plea.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The petition stated,
 (3) I have received a copy of the indictment before being called upon to plead, and have read and discussed it with my attorney, and believe and feel that I understand every accusation made against me in this case.
 (4) I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mention in the indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed me, and has conselled [sic] and advised with me as to the nature and cause of every accusation against me, and as to any and all possible defenses I might have in this case.
 The signed petition also recognized that Jackson was waiving his right to confrontation, to a jury trial, to have the court compel the production of evidence, to counsel, and to remain silent. [ER 44].
 
 
 [2]
 Jackson claims, by way of proffer to the district court, that he signed the Petition only because his attorney told him to do so, and that at the time he did not understand the charges against him. In light of Jackson's signed waiver, the clarity of the indictment, and the trial judge's questioning of Jackson, his proffer is not credible