**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Alexander BEVERLEY, aka:**
**James Bradley, Defendant–**
**Appellant.**

No. 92–50542.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 1, 1993.

Decided Sept. 16, 1993.

David R. Fields, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Jerry D. Whatley, Santa Barbara, CA, for defendant-appellant.

Before TANG, CANBY, and BEEZER, Circuit Judges.

TANG, Circuit Judge:

Beverley pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). The presentence report determined that Beverley had two prior felony convictions qualifying him as a career offender: (1) a 1985 conviction for selling marijuana; and (2) a 1989 robbery conviction. Prior to sentencing, Beverley filed a "Position Re: Sentencing" contesting the validity of his 1985 marijuana conviction and attached thereto a copy of his habeas corpus petitions. Beverley contends that he received ineffective assistance of counsel regarding his plea agreement on the 1985 controlled substance offense and that his plea of guilty was not made knowingly and intelligently.

The government opposed the motion arguing that a defendant may not collaterally attack prior convictions at sentencing.

The district court agreed with the government at sentencing and did not consider Beverley's challenge to his prior marijuana conviction and denied his motion to continue sentencing pending the outcome of his habeas petition before the Supreme Court of California. Beverley was sentenced as a career offender to 168 months of incarceration. Beverley timely appeals.

## DISCUSSION

"The district court's determination that a defendant is a career offender is subject to de novo review when it involves an interpretation of the Guidelines." *United States v. Vea–Gonzales,* 999 F.2d 1326, 1328 (9th Cir. 1993).

Under U.S.S.G. § 4B1.1, a career offender is a defendant who was at least eighteen years old at the time of the instant offense, the instant offense is "a felony that is either a crime of violence or a controlled substance offense," and the defendant has at least two prior felony convictions which were also "ei-

ther a crime of violence or a controlled substance offense."

The district court adopted the government's position that a defendant cannot collaterally attack prior convictions at sentencing. According to the district court, the proper procedure is to challenge the prior state conviction in state court and if successful then to file a § 2255 habeas petition to correct the federal career offender sentence.

Beverley argues that the district court erred in denying him an opportunity to challenge the validity of his prior conviction used to characterize him as a career defendant. We agree. *See Vea–Gonzales,* 999 F.2d at 1333.

The government attempts to distinguish *Vea–Gonzales* on the ground that here, unlike in *Vea–Gonzales,* Beverley's state habeas petition regarding his prior controlled substance offense conviction was pending before the California Supreme Court. The government argues further that allowing a collateral attack in this situation would offend the interests of comity. The distinction is unavailing.

We recognized that in *United States v. Canales,* 960 F.2d 1311, 1316 (5th Cir.1992), the Fifth Circuit directed the district court on remand to consider "comity and whether some other remedy is available" when deciding whether to allow a collateral attack at sentencing. *Vea–Gonzales,* 999 F.2d at 1332. We found, however, that the Fifth Circuit as well as other circuits have treated the issue at hand "as one of 'procedural expediency.' " *Id.* at 1332. After disagreeing with the Second, Fifth, Sixth, and Eleventh Circuits' decisions giving the district courts discretion to consider whether to allow a collateral attack and with the Eighth Circuit's "seemingly absolute prohibition," this court held that "the Constitution requires that defendants be given the opportunity to collaterally attack prior convictions which will be used against them at sentencing." *Id.* at 1332–33.

In *Vea–Gonzales* we held that a defendant may attack a prior conviction which is being used to enhance the defendant's sentence and need not first attack the prior conviction through habeas procedures. *Id.* at 1333 n.

11 ("if a defendant is constitutionally entitled to collaterally attack the consideration of prior convictions at sentencing by using section 2255, it follows *mutatis mutandis* that he can bring his attack at the sentencing hearing itself").

Moreover, in *United States v. Jones,* 907 F.2d 456 (4th Cir.1990), the Fourth Circuit cogently ruled:

> [Because a federal sentencing hearing involves] only the United States and a federal defendant, it is limited to the federal court's meting out an appropriate sentence for violation of a *federal* crime. To consider prior state convictions in making that determination involves no assertion of federal jurisdiction over a state criminal case, as occurs in a habeas corpus proceeding.

*Id.* at 462. The Fourth Circuit also stated: "[n]or would a finding of constitutional invalidity for this limited purpose have preclusive effect in a later state or federal habeas proceeding." *Id.* at 469.

We agree with the Fourth Circuit. Because *Vea–Gonzales* controls we vacate the sentence and remand for resentencing.

VACATED and REMANDED.