12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Allen MILLER, Defendant-Appellant.
 No. 92-50736.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1993.
Decided Nov. 18, 1993.
 
 1
 Before: FLETCHER and D.W. NELSON, Circuit Judges, and WILL,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 William Allen Miller appeals his sentence. He appeals both the district court's application of career offender provisions of the Sentencing Guidelines on the grounds that his prior conviction was unconstitutional and the district court's decision not to depart from the Sentencing Guidelines based on youthful lack of guidance. We affirm.
 
 BACKGROUND
 
 4
 Following his plea of guilty to two counts of bank robbery on January 9, 1992, William Allen Miller was sentenced on November 30, 1992 to 180 months imprisonment.
 
 
 5
 In the Presentence Investigative Report ("PSR") appellant's base offense level was calculated at 20 then adjusted upward two levels for specific offense characteristics. The adjusted offense level of 22 was increased two levels for multiple count adjustment and decreased two levels for acceptance of responsibility. The offense level was then adjusted to 30 based on the conclusion that Miller met the standard for career offenders under Sentencing Guidelines Sec. 4B1.1.
 
 
 6
 Miller objected to the recommendation in the PSR and continues to argue on appeal that he was improperly classified as a career offender and that he is entitled to a downward departure based on youthful lack of guidance. With respect to the first claim, Miller contends that a prior 1971 Oregon State conviction[1] for murder cannot be used to classify him as a career offender because the conviction was unconstitutional.
 
 
 7
 The district court initially set the sentencing hearing on April 13, 1992. The court subsequently granted Miller four continuances to afford him additional time to obtain records regarding his prior convictions.
 
 
 8
 On November 4, 1992, five days before the scheduled hearing, Miller submitted an unsworn declaration stating that at the trial for his murder conviction he was not provided with an attorney during any pretrial activities and that he was denied effective assistance of counsel during the trial as well. He specifically alleged, among other things, that (1) he only met with his attorney three days before trial; (2) his attorney failed to cross-examine witnesses and the detective who testified against him; (3) after he was identified by a witness, his attorney, whose breath smelled of alcohol, turned to Miller in court before the jury and stated "you're guilty"; and (4) two years after the trial he found a note in his institutional file stating that if Miller's counsel had appealed the murder conviction on the proper grounds, reversal would have been granted. Miller claims that after counsel's pronouncement in respect to his guilt, he requested new counsel but the request was denied. Miller appears to declare that the entire trial, including jury selection, took only one day.
 
 
 9
 At the November 9 hearing, Miller's counsel informed the court that he could not provide any supplementary documents regarding the ineffective assistance of counsel claim: No transcript for the murder trial exists and neither the prosecutor nor the defense counsel remembered Miller's trial. The district judge questioned Miller as to why he had not previously challenged his murder conviction on the grounds that it was unconstitutional. Miller stated that he did not challenge the conviction because the public defender's office refused to represent him due to a conflict of interest. Later, when he was in federal custody on a different charge, he was unable to challenge the conviction because he did not have access to state law books. Sentencing was again delayed until November 30, 1992.
 
 
 10
 At the November 30 sentencing hearing, the district court imposed a sentence of 180 months. The court noted that the Sentencing Guidelines preclude a collateral attack of a prior conviction at sentencing. Alternatively, the court held that even if the constitutional challenge was not legally precluded, Miller had made "an inadequate showing for the court to permit him to challenge his prior conviction." The district court further ruled that even if youthful lack of guidance were a permissible basis for a downward departure under the Sentencing Guidelines, it refused to exercise its discretion to grant such a departure.
 
 
 11
 Miller timely filed his notice of appeal on December 7, 1992. We have jurisdiction of this case pursuant to 28 U.S.C. Sec. 1291.
 
 STANDARD OF REVIEW
 
 12
 The legality of a sentence is reviewed de novo. United States v. Fine, 975 F.2d 596, 599 (9th Cir.1992) (en banc). The district court's interpretation of the Sentencing Guidelines is reviewed de novo. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 2954 (1992). Application of the Sentencing Guidelines is also reviewed de novo. United States v. Fagan, 996 F.2d 1009, 1017 (9th Cir.1993). A district court's factual findings in the sentencing phase regarding prior convictions are reviewed for clear error. United States v. Robinson, 967 F.2d 287, 293 (9th Cir.1992).
 
 
 13
 A district court's discretionary refusal to depart from the Sentencing Guidelines is not reviewable on appeal. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1665 (1993).
 
 DISCUSSION
 
 14
 A. Challenge to the Constitutionality of a Prior Conviction
 
 
 15
 Section 4B1.1 of the Sentencing Guidelines provides that a defendant with two prior felony convictions of crimes of violence may be classified as a career offender. Application Note 6 to Sec. 4A1.2 provides that "[s]entences resulting from convictions that a defendant shows to have been previously ruled constitutionally invalid are not to be counted." The district court held that this "previously ruled" language prevents a defendant from collaterally attacking the constitutionality of his prior conviction for the first time at sentencing.
 
 
 16
 The district court's holding is erroneous. In United States v. Vea-Gonzales, 999 F.2d 1326 (9th Cir.1993), we reaffirmed previous cases holding that the Constitution requires that defendants be given the opportunity to collaterally attack prior convictions which will be used against them at sentencing. Id. at 1334. Miller was thus entitled to collaterally attack the constitutionality of his 1971 murder conviction at sentencing.
 
 
 17
 However, when a district court lists several reasons for taking a specific action and one of the reasons is flawed, the decision should still be upheld if other reasons support the ruling. United States v. Stauffer, 922 F.2d 508, 516 (9th Cir.1990). Because the district court alternatively held that even if a collateral attack were permitted, Miller had failed to meet his burden of proof, we review this alternative holding.
 
 
 18
 The burden of proof in demonstrating the constitutional invalidity of a prior conviction lies with the defendant. United States v. Newman, 912 F.2d 1119, 1122 (9th Cir.1990). Under Newman, the government first must establish the fact of conviction at which point the burden shifts to the defendant to establish the constitutional invalidity of the prior conviction. Id. The defendant must establish this by a preponderance of the evidence. Id. In this case, the government provided a copy of the judgment for Miller's prior murder conviction, thus establishing proof of conviction.
 
 
 19
 Miller first argues that once he made his specific claims as to ineffective assistance of counsel, the district court was required to order the probation officer to obtain transcripts of the 1971 murder trial. Miller also argues that the district court was required to hold an evidentiary hearing concerning his prior conviction.
 
 
 20
 With respect to Miller's first claim, there is no law requiring a district court to order transcripts; the Lewis case cited by Miller merely recognizes that a court has the authority to do so. United States v. Lewis, 979 F.2d 1372 (9th Cir.1992). Moreover, Miller has admitted that the transcripts from the previous trial no longer exist. The only records that are available are an order from the state appellate court sustaining the murder conviction and the court file from the murder trial--a twenty-five page file that all parties found to be unhelpful. Because no trial transcripts exist, it is clear that the district court could not have ordered them even if it had been required to do so.
 
 
 21
 Although the trial transcript is unavailable, the defendant is still entitled to challenge the constitutionality of his prior conviction. In Newman, we noted that the defendant might prove the unconstitutionality of the prior conviction through one of several means. First, testimony of the defendant might be taken at an evidentiary hearing. Alternatively, inferential evidence such as evidence of the trial judge's practice or of counsel's practice in advising clients might be appropriate if significant time has passed and the state court records are incomplete. 912 F.2d at 1122.
 
 
 22
 The record indicates that although the district judge did not hold an evidentiary hearing, he afforded Miller ample opportunity to present evidence regarding his prior conviction. Miller submitted an unsworn declaration to the district court alleging ineffective assistance of counsel during the prior trial leading to his murder conviction. The district judge questioned Miller as to why he never previously challenged the constitutionality of his prior conviction, and made a finding that Miller's testimony and written declaration were unreliable and insufficient. Although the judge could have obtained sworn testimony, he indicated that the mere fact that the testimony or declaration would be taken under oath would not make any difference in his ruling. Moreover, while Miller offered to be sworn in, he never requested a formal evidentiary hearing and he clearly indicated that he had no additional evidence to offer. Finally, Miller stated that both the defense counsel and the prosecutor from the prior trial had been contacted and claimed to have forgotten the case. While we are troubled by the lack of record to review the defendant's claim of infirmity of his prior conviction, we find that he has not made a showing that would allow us to grant relief, nor can we see any capacity to develop a meaningful record if we ordered a hearing.
 
 
 23
 B. Downward Departure for Youthful Lack of Guidance
 
 
 24
 The district court held that if a downward departure is permitted on the basis of youthful lack of guidance, the facts alleged were "legally and factually insufficient" to support such a claim. Miller argues that the district court's failure to depart downward on this basis was an abuse of discretion.[2]
 
 
 25
 A district court's discretionary refusal to depart from the Sentencing Guidelines is not reviewable on appeal. Morales, 972 F.2d at 1011. Therefore, we cannot review the district court's decision not to depart from the Sentencing Guidelines based on youthful lack of guidance.
 
 CONCLUSION
 
 26
 Because the district court permitted Miller to challenge the constitutionality of his prior conviction and concluded that Miller failed to meet his evidentiary burden, Miller's claim that the district court erred in applying the career offender adjustment fails. We cannot review the district court's discretionary decision not to depart downward from the Guidelines. The order of the district court is AFFIRMED.
 
 
 
 *
 Honorable Hubert L. Will, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 4A1.2(e)(1) of the Sentencing Guidelines instructs the court as follows:
 Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.
 The PSR indicates that Miller had violated parole and was imprisoned on his prior murder conviction as recently as July 24, 1984. The district court ruled that this is well within the fifteen-year period of Sec. 4A1.2(e)(1). Although Miller challenged this position in district court, he does not raise it on appeal.
 
 
 [2]
 In 1992, the Sentencing Commissioner adopted an amendment to the Sentencing Guidelines that provides that youthful lack of guidance is not a relevant ground for imposing a sentence outside the applicable guideline range. U.S.S.G. Sec. 5H1.12. Although this amendment became effective prior to Miller's sentencing, our circuit has held that because Sec. 5H1.12 changed the Guidelines in a way that made punishment for crimes more onerous, application of the changed law to defendants who committed their crimes prior to November 1, 1992 would violate the Ex Post Facto Clause. United States v. Johns, 5 F.3d 1267, 1270-1272, (9th Cir. Sept. 24, 1993). Thus, youthful lack of guidance is a proper ground for departure in this case. Id