21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Armando ORTIZ, aka: Reynaldo Armando Ortiz,
Defendant-Appellant.
 No. 93-50214.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1994.*
Decided April 11, 1994.
 
 Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Reynaldo Armando Ortiz appeals his 170-month sentence imposed under the Sentencing Guidelines following his guilty plea to bank robbery in violation of 18 U.S.C. Sec. 2113(a). Ortiz argues that his three prior state felony convictions resulted from constitutionally invalid guilty pleas, and therefore the district court erred by classifying him as a career offender under U.S.S.G. Sec. 4B1.1. We affirm.
 
 I.
 
 3
 Defendant claims that his prior guilty pleas were not made knowingly, intelligently and voluntarily because he was not fully advised of all of his constitutional rights, did not have the elements of the charges explained, and was not informed of the factual basis given for the charges. We agree with the district court that Ortiz was adequately apprised of his applicable constitutional rights and knowingly and voluntarily waived such rights.
 
 
 4
 A defendant is a career offender if the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. Sec. 4B1.1. This court has held that a defendant who is being sentenced under the Guidelines may mount constitutional attacks upon prior convictions which would otherwise be used to increase his punishment. United States v. Vea-Gonzalez, 986 F.2d 321, 329 (9th Cir.1993). Once the government shows the fact of a prior conviction, the defendant has the burden of establishing its constitutional invalidity by a preponderance of the evidence. United States v. Newman, 912 F.2d 1119, 1122 (9th Cir.1990).
 
 
 5
 A conviction based upon a guilty plea is constitutionally valid if the defendant was aware of and voluntarily waived three rights: (1) the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment; (2) the right to trial by jury; and (3) the right to confront one's accusers. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). In determining whether these Boykin rights were knowingly and voluntarily waived, notice of every element of the offense on the record is not required. See Newman, 912 F.2d at 1124. Furthermore, a state court is not required to establish the factual basis for a defendant's plea to the level mandated under Fed.R.Crim.P. 11 for a state plea to pass constitutional muster. Id. at 1123. "While Rule 11 sets forth the requirements for the entering of a plea in federal court, these requirements are not binding on a state court to the extent they are not grounded in the Constitution." Id.
 
 
 6
 In this case, the government introduced evidence of one prior federal conviction and three state convictions for second degree robbery, possession of PCP for sale, and assault with a deadly weapon. Ortiz introduced the state court transcripts of his three prior plea proceedings as evidence of the unconstitutionality of his state convictions. Ortiz does not contest the validity of the prior federal conviction.
 
 
 7
 Ortiz argues that the guilty plea transcript of his state charge for second degree robbery shows that he was not: (1) advised that he had a right to counsel at trial; (2) informed that he had the right to persist in a plea of not guilty; (3) apprised of the factual basis of the charge; (4) advised as to each element of the charge; and (5) asked by the court whether he had been advised of all possible defenses in this case and whether he was under the influence of drugs or alcohol at the time of his plea.
 
 
 8
 The guilty plea transcript of Ortiz's state robbery charge, however, shows that Ortiz was represented by counsel, and fully informed of the charges against him, his right to a jury or court trial, his right to confront his accusers, and his right against self-incrimination. The record clearly demonstrates that Ortiz understood and waived his Boykin rights, and that his plea was made freely and voluntarily. Therefore, Ortiz has failed to demonstrate that his state robbery conviction was constitutionally invalid.[1]
 
 
 9
 We therefore AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ortiz argues that the state conviction for possession of PCP is constitutionally invalid because he was not informed of a period of mandatory parole attached to his sentence. See Carter v. McCarthy, 806 F.2d 1373, 1375-76 (9th Cir.1986), cert. denied, 484 U.S. 870 (1987). Because the prior state robbery conviction and the federal conviction suffice to classify Ortiz as a career offender, we need not determine the constitutional validity of the state convictions for possession of PCP and for assault