42 F.3d 1398
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nick Lawrence CALI, Petitioner-Appellant,
v.
John HALLAHAN, Respondent-Appellee.
 No. 94-15790.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 11, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nick Lawrence Cali, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his state convictions for theft and burglary. We have jurisdiction under 28 U.S.C. Sec. 2253, and we review de novo. Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990). We affirm.
 
 A. Background
 
 3
 In 1984, Cali was charged with theft and burglary in case nos. CR-11781 and CR-12284 respectively. Pursuant to a plea agreement, Cali pleaded guilty to these two counts in exchange for the state dropping several other outstanding charges against him. Cali was sentenced to consecutive probationary terms, four years for the theft and three years for the burglary.
 
 
 4
 In 1988, while still on probation for the 1984 convictions, Cali again committed both theft and burglary. In June 1990, he was charged in case no. CR-27919 with these offenses.
 
 
 5
 In May and June 1990, Cali was charged with another theft and burglary, case nos. CR-28157 and CR-28600 respectively.
 
 
 6
 In case no. CR-27919, Cali was convicted on both counts following a jury trial. He admitted an allegation of prior convictions, resulting in an enhanced sentence. Cali entered into a plea agreement admitting guilt in both case no. CR-28157 and case no. CR-28600. In both cases, his sentence was enhanced based upon his 1984 convictions for theft and burglary in case nos. CR-11781 and CR-12284.
 
 
 7
 While sentencing was still pending in all three of these cases, Cali filed a petition for post-conviction relief pursuant to Ariz.R.Crim.P. 32 in case nos. CR-11781 and CR-12284, his 1984 convictions. Cali alleged that the sentence of consecutive periods of probation imposed in these cases was illegal, and sought to withdraw his 1984 guilty pleas. The state court agreed that the imposition of consecutive probationary terms violated Arizona state law and resentenced Cali to concurrent terms of probation, which were ordered terminated retroactively.
 
 
 8
 Cali appealed to the Arizona Court of Appeals, arguing, inter alia: (1) the trial court erred by not permitting him to withdraw his guilty plea in case nos. CR-11784 and CR-12284; and (2) enhancement of his sentence in case nos. CR-27919, CR-28157, and CR-28600 based upon his 1984 convictions was improper because the error in stacking his probationary terms in that case rendered his plea involuntary. The Arizona Court of Appeals denied Cali relief, holding that under Arizona state law the error in sentencing Cali in 1984 did not affect the validity of the 1984 convictions themselves, only the sentence imposed. The Arizona Supreme Court denied without comment Cali's petition for review.
 
 B. Discussion
 
 9
 The root of all of Cali's contentions is that the error in sentencing him in 1984 to consecutive terms of probation in case nos. CR-11781 and CR-12284 affected the validity of the convictions themselves. Thus, he argues, he should be permitted to withdraw his guilty pleas in those case numbers and any reliance on those prior cases to enhance his later sentences violated his right to due process. This contention is without merit.
 
 
 10
 The Constitution prohibits the use of a prior conviction for sentence enhancement purposes where the prior conviction is constitutionally infirm. United States v. Vea-Gonzales, 999 F.2d 1326, 1333 (9th Cir.1993) (en banc).
 
 
 11
 Cali claims that vacation of the sentences imposed on him in 1984 also vacated his convictions because a conviction necessarily consists of both the finding or plea of guilt and the imposition of sentence. The definition of conviction, however, is context specific, and there is no constitutional bar to defining a "conviction" as separate from the sentence received. See Deal v. United States, 113 S.Ct. 1993, 1996 (1993) (holding that definition of "conviction" for purposes of 18 U.S.C. Sec. 924(c) "refers to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction"). Here, the Arizona Court of Appeals, relying on state law, held that "a conviction is legally distinct from a sentence." See Arizona v. Cali, Nos. 2 CA-CR 90-1003, 2 CA-CR 90-0114, 2 CA-CR 90-0115, 2 CA-CR 90-0491-PR, unpublished memorandum disposition (Ct.App.Div.2 Dec. 12, 1991).
 
 
 12
 As "it is not the province of a federal habeas court to reexamine state court determinations on state law questions," Estelle v. McGuire, 112 S.Ct. 475, 480 (1991), we defer to the Arizona Court of Appeals' definition of "conviction" for purposes of the Arizona state sentence enhancement statutes.
 
 
 13
 Because we hold that Cali's sentences were properly enhanced based upon his 1984 convictions, we must also reject his argument that his state trial counsel's assistance was ineffective, premised as it is on trial counsel's failure to raise the issue of the alleged unconstitutionality of the 1984 convictions.
 
 
 14
 Cali's contention that the district court failed to construe liberally his federal habeas petition is frivolous. The district court's reading of his petition was extremely generous.
 
 
 15
 Finally, because Cali's claims are legal in nature and all of the relevant facts were fully developed in the state courts, the district court did not abuse its discretion by failing to hold an evidentiary hearing on this matter. See Greyson v. Kellam, 937 F.2d 1409, 1415 (9th Cir.1991).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3