39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose FIALLO-LOPEZ, Defendant-Appellant.
 No. 94-30035.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1994.*
Decided Nov. 4, 1994.
 
 Before: WRIGHT, BEEZER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fiallo-Lopez pleaded guilty to conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. Secs. 846, 841(a)(1) and 841(b)(1)(A). The court sentenced him to 188 months in prison and 5 years of supervised release, the low end of the calculated range. He appeals his sentence and the denial of his motion to withdraw his guilty plea. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Fiallo-Lopez argues that he has a right to collaterally challenge the constitutionality of his prior convictions at sentencing.[1] Neither the Constitution nor the Sentencing Guidelines afford him such a right. United States v. Custis, 114 S.Ct. 1732 (1994) (Constitution);[2] United States v. Burrows, No. 93-50142, 1994 WL 525971 at * 9 (9th Cir. Sept. 29, 1994) (acknowledging that Curtis overruled this court's contrary holding in United States v. Vea-Gonzales, 999 F.2d 1326 (9th Cir.1993)); United States v. Fondren, 32 F.3d 429, 430 (9th Cir.1994) (Sentencing Guidelines). The district court did not err in using Fiallo-Lopez's prior convictions to calculate his criminal history score.
 
 
 4
 Fiallo-Lopez also contends that the court improperly denied his motion to withdraw his guilty plea.[3] He says that his plea was based on his counsel's erroneous estimate of the sentence range. Yet the written plea agreement and the courtroom colloquy during the plea proceeding indicate that he fully understood the non-binding nature of the estimate. An erroneous prediction does not entitle a defendant to withdraw a plea, especially where the defendant made the plea with the full understanding that the sentencing court was not bound by any sentencing agreement. United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir.1990); see United States v. Oliveros-Orosco, 942 F.2d 644, 646 (9th Cir.1991). The district court did not abuse its discretion.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We review constitutional and statutory questions de novo. United States Dist. Court v. Sandlin, 12 F.3d 861, 865 (9th Cir.1993); United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990)
 
 
 [2]
 Although Custis said that the Constitution allows collateral attacks where the constitutional defect is tantamount to the "failure to appoint counsel at all," Fiallo-Lopez did not allege such a defect
 
 
 [3]
 We review the denial of a motion to withdraw a plea for abuse of discretion. United States v. Signori, 844 F.2d 635, 637 (9th Cir.1988)