41 F.3d 1514
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Geronimo OCHOA-REYES, Defendant-Appellant.
 No. 93-30448.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 10, 1994.
 
 Before: FLETCHER, D.W. NELSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Geronimo Ochoa-Reyes ("Ochoa") appeals his sentencing as a career offender under U.S.S.G. Sec. 4B1.1 following his plea of guilty to one count of violating 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B)(viii). Ochoa argues that one of the prior state court drug convictions the district court used to establish his career offender status was invalid because he received ineffective assistance of counsel in that proceeding. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Ochoa-Reyes relies on United States v. Vea-Gonzales, 999 F.2d 1326, 1333 (9th Cir.1993), for the proposition that a defendant has a right to attack collaterally the validity of prior convictions at a federal sentencing proceeding when those convictions are used to enhance his sentence under the Guidelines. However, this holding of Vea-Gonzales is no longer good law in light of Custis v. United States, 114 S.Ct. 1732 (1994). United States v. Burrows, No. 93-50142, 1994 WL 525971 at * 9 (9th Cir. Sept. 29, 1994). In Custis, the Supreme Court held that the Constitution requires that a defendant be permitted to mount a collateral attack on a prior conviction at a federal sentencing proceeding only when the defendant alleges a failure to appoint counsel in violation of Gideon v. Wainwright, 372 U.S. 335 (1963). Custis, 114 S.Ct. at 1738. The Constitution accords no such right when, as here, the attack upon the prior conviction is based upon ineffective assistance of counsel. Id.
 
 
 4
 Nor does Ochoa have a statutory right to attack collaterally the validity of his prior state court convictions. Id. at 1735. Although Ochoa was convicted under 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B)(viii), and Sec. 841(b) provides for enhanced sentences where a defendant has been previously convicted of felony drug offenses, Ochoa was not sentenced pursuant to the enhancement provisions of Sec. 841, but under the federal Sentencing Guidelines. 21 U.S.C. Sec. 851, which sets forth procedures for attacking prior convictions used to enhance the sentences for Sec. 841 drug offenses, applies only "when the government seeks to obtain the increased statutory penalties provided in 21 U.S.C. Secs. 841-858." United States v. McDougherty, 920 F.2d 569, 574 (9th Cir.1990), cert. denied, 499 U.S. 911 (1991) (emphasis original). Thus, the 21 U.S.C. Sec. 851 statutory right to attack the validity of a prior conviction is not applicable to Ochoa. Burrows, 1994 WL 525971 at * 10.
 
 
 5
 Likewise, the guideline provides no right of collateral attack. "[T]his guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such right otherwise recognized in law...." U.S.S.G. Sec. 4A1.2, comment. (n. 6) (Nov. 1, 1993). See United States v. Fondren, 32 F.3d 429, 430 (9th Cir.1994).
 
 
 6
 Accordingly, we do not decide the merits of Ochoa's collateral attack, but hold that he had no constitutional, statutory or Guidelines right to attack, at his federal sentencing proceeding, the validity of his prior state conviction on the basis of ineffective assistance of counsel.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3