**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Reginald Dean STILL,**
**Defendant/Appellant.**

**No. 86–1195.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 10, 1987.

Decided July 1, 1988.

Malcolm S. Segal and Robert M. Wilson, Sacramento, Cal., for defendant/appellant.

David F. Levi, U.S. Atty., Sacramento, Cal., for plaintiff/appellee.

Before SCHROEDER, PREGERSON and BRUNETTI, Circuit Judges.

The Opinion filed January 25, 1988, 837 F.2d 871 (9th Cir.1988) is withdrawn. The attached Opinion shall be filed.

BRUNETTI, Circuit Judge:

Reginald Dean Still was indicted and convicted of attempted bank robbery of Security Pacific National Bank, pursuant to 18 U.S.C. § 2113(a)[1] and for interstate transportation of a stolen van, pursuant to 18 U.S.C. § 2312.

Still appeals from the judgment of conviction, contending that the government failed to establish every element of attempted bank robbery beyond a reasonable doubt. Based on this circuit's recent decision in *United States v. Buffington*, 815 F.2d 1292 (9th Cir.1987), we reverse the

---

**1.** Title 18 of the United States Code, § 2113(a) provides:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

conviction of attempted bank robbery and affirm the conviction for interstate transportation of a stolen vehicle.

FACTS

On August 7, 1985, at about 10:30 a.m., a lay witness saw the defendant putting on a long blonde wig while sitting in a van with the motor running, parked in the Roseville Square Shopping Center. The van was parked approximately 200 feet away from the Security Pacific Bank. The witness notified the police, who arrived in a marked patrol car shortly thereafter. Upon arrival of the police, the defendant put the van in reverse, and drove off. The police caught up with the defendant, who had fled to a nearby camper/trailer. He was arrested for possession of stolen property and taken to the Roseville Police Department.

Following his arrest, the defendant allegedly volunteered the following statements: "You did a good job. You caught me five minutes before I was going to rob a bank. That's what I was putting the wig on for." "The van is stolen. How much do you get for auto theft around here?"

After waiving his Miranda rights, the defendant told the police that he was planning to rob a bank when the marked police vehicle came up to the van he was in. He planned to drive up to the drive-in window of the bank and place a phony bomb, along with a demand note, on the window. The defendant did not specify, by name, the bank he was planning to rob. He described it as a large, two-story building, made of brown or reddish brick. The defendant stated that Security Pacific sounded like the name of the bank he intended to rob. Of the thirty-nine banks within five miles of the Roseville Square Shopping Center, only Security Pacific fits the defendant's description of the bank he was planning to rob.

The defendant told the police that his statements were just "frosting on the cake" because all of the evidence that they needed was located in the van. Inside the van, the police found a hoax bomb which looked like a real bomb, a red pouch with a demand note taped to it, a long blonde wig, a police scanner programmed to the Rose-ville Police Department, and a notebook containing drafts of demand notes and the radio frequency of the Rocklin Police Department.

## STANDARD OF REVIEW

Still claims that the evidence is not sufficient to support his conviction for attempted bank robbery. We review the evidence, "in the light most favorable to the prosecution and to the verdicts," *United States v. Hughes*, 626 F.2d 619, 626 (9th Cir.), *cert. denied*, 449 U.S. 1065, 101 S.Ct. 793, 66 L.Ed.2d 611 (1980), to see if "any rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Lester*, 749 F.2d 1288, 1296 (9th Cir. 1984).

## ANALYSIS

A conviction for an attempt requires proof of both "culpable intent" and "conduct constituting a substantial step toward commission of the crime that is in pursuit of that intent." *United States v. Buffington*, 815 F.2d at 1301; *United States v. Snell*, 627 F.2d 186, 187 (9th Cir.1980), *cert. denied*, 450 U.S. 957, 101 S.Ct. 1416, 67 L.Ed.2d 382 (1981). A "substantial step" is "conduct strongly corroborative of the firmness of the defendant's criminal intent." *United States v. Buffington*, supra; *United States v. Mandujano*, 499 F.2d 370, 376 (5th Cir.1974), *cert. denied*, 419 U.S. 1114, 95 S.Ct. 792, 42 L.Ed.2d 812 (1975). "Culpable intent" can be inferred from a particular defendant's conduct and from the surrounding circumstances. *United States v. Buffington*, 815 F.2d at 1302.

In *United States v. Buffington*, supra, this court concluded no rational fact finder could find sufficient evidence of the culpable intent necessary to sustain the conviction for attempted bank robbery. In *Buffington*, the government presented the following evidence to establish the defend-

ant's intent to rob a particular bank: assemblage and possession of materials necessary to commit the crime, including two handguns, female clothing and a makeup disguise for one defendant, and a multi-layered clothing disguise for another defendant; two visits to the location before the attempt; actions to carry out the plan, including driving by the bank twice while staring into it, driving to the rear of the bank, one of the defendants staring out of the window of a nearby store toward the bank, and two of the defendants leaving their vehicle armed and standing with their attention directed toward the bank.

This court concluded that the above evidence did not establish the requisite intent because these actions could just as easily indicate an intent to rob another nearby bank or store. The court stated that the fact no defendant came within 50 yards of the bank could produce no more than a suspicion that they intended to rob that particular bank.

However, the court went on to state that there could be sufficient evidence of the requisite intent without actual entry, citing with approval *Rumfelt v. United States*, 445 F.2d 134 (7th Cir.), *cert. denied*, 404 U.S. 853, 92 S.Ct. 92, 30 L.Ed.2d 94 (1971). In *Rumfelt*, the defendant's presence in front of the bank with a ski mask, plus his use of a rifle to intimidate a passerby into trying to open the bank door for him established the requisite intent. The *Buffington* court also stated that a defendant's intent to steal could be inferred from statements of co-conspirators or informants, statements which were excluded in *Buffington*.

■ In this case, Still's intent to rob the Security Pacific National Bank was clearly established in his statements to the police after his arrest. Without prompting, the defendant stated: "You did a good job. You caught me five minutes before I was going to rob a bank. That's what I was putting the wig on for." After waiving his rights, the defendant stated he intended to use the drive-up window of the bank and

place a phony explosive device, along with a note, on that window, to rob a bank. Although the defendant did not state the name of the bank he was planning to rob, he did describe it. Within a five mile area, his description of a large, two-story bank, constructed of brown or reddish color brick fits only the Security Pacific Bank. Additionally, when asked by the police if it was Security Pacific that the defendant intended to rob, he said that Security Pacific sounded like the name of the bank he was going to rob. These statements permit an inference of an unequivocal intent to rob the Security Pacific Bank. Therefore, the first aspect of an attempt, a culpable intent, was established beyond a reasonable doubt.

■ To establish the second aspect of an attempt, "a substantial step," more than mere preparation must be shown. *United States v. Taylor*, 716 F.2d 701, 712 (9th Cir.1983). "[T]here must be some appreciable fragment of the crime committed, it must be in such progress that it will be consummated unless interrupted by circumstances independent of the will of the attempter, and the act must not be equivocal in nature." *United States v. Buffington*, 815 F.2d at 1302, citing with approval *United States v. Mandujano*, 499 F.2d at 376.

In *Buffington*, the court concluded that the defendants' conduct did not cross the line between preparation and attempt. Although the defendants had assembled the disguises and materials necessary to commit the robbery, drove by the bank twice while staring into it, and left their vehicle, armed, and stood with their attention focused on the bank, the court emphasized that none of them made any move toward the bank. Thus, standing alone, the defendants' conduct was too tentative and unfocused to constitute either the requisite "appreciable fragment" of a bank robbery, or a step toward the commission of the crime of such substantiality that, unless frustrated, the crime would have occurred. *United States v. Buffington*, 815 F.2d at 1303.

The *Buffington* court stopped short of expressly requiring some actual movement toward the bank to show a substantial step toward an attempt. They cited *United States v. Snell,* supra, with approval, where this circuit upheld a conviction for attempted robbery without actual movement toward the bank, reasoning that the defendants' entry into the victim's home was analytically similar to entry into a bank.

Our facts do not establish either actual movement toward the bank or actions that are analytically similar to such movement. Before he was apprehended by the police, Still was seen sitting in his van, with the motor running, wearing a long blonde wig, parked approximately 200 feet away from the Security Pacific National Bank. Considering that the *Buffington* defendants' actions went further in manifesting a substantial step than did Still's actions, *Buffington* compels the conclusion that proof of a substantial step toward the attempt was not established beyond a reasonable doubt.

While Still appealed the judgment of conviction, he did not contest the conviction for interstate transportation of a stolen van pursuant to 18 U.S.C. § 2312 and we affirm that conviction.

The district court sentenced Still to a fifteen year term on the conviction of attempted bank robbery, suspended imposition of the sentence on the conviction of interstate transportation of a stolen vehicle and placed Still on five years probation to commence on the expiration of the sentence for attempted bank robbery. It appears that the district court judge attempted to structure a sentence of custody and probation based upon the two convictions and now that the bank robbery conviction has been reversed the district court should be allowed to reconsider the sentencing on the stolen vehicle conviction. *United States v. Hagler,* 709 F.2d 578, 579 (9th Cir.), *cert. denied,* 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983). We remand this case to the district court for resentencing.

REVERSED IN PART, AFFIRMED IN PART, REMANDED FOR RESENTENCING.