21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph Dwayne OWEN, Defendant-Appellant.
 No. 92-30428.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1994.
Decided April 22, 1994.
As Amended on Denial of Rehearing
June 1, 1994.
 
 Before: HUG, HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Ralph Dwayne Owen appeals his jury convictions for carrying a firearm during or in relation to a crime of violence, in violation of 18 U.S.C. Sec. 924(c), and attempted bank robbery, in violation of 18 U.S.C. Sec. 2113(a); and his sentence under the Federal Sentencing Guidelines for being an armed career criminal in possession of a firearm, in violation of 18 U.S.C. Secs. 922(g) and 924(e). Owen argues (1) the evidence is insufficient to sustain the convictions of attempted bank robbery and carrying a firearm during or in relation to a crime of violence; (2) the district court committed reversible errors in finding during his sentencing that he was an armed career criminal; and (3) he was denied effective assistance of counsel.
 
 
 3
 We affirm the district court's finding that Owen was an armed career criminal. We do not consider in this direct appeal Owen's claim of ineffective assistance of counsel. We reverse for insufficiency of the evidence Owen's convictions for attempted bank robbery and carrying a firearm during or in relation to a crime of violence. Owen does not challenge his conviction for being a convicted felon in possession of a fireman. We remand for resentencing.
 
 FACTS
 
 4
 In late 1991 and early 1992, Owen and James Smith planned to rob two different banks. In both instances, however, Owen backed out at the last minute.
 
 
 5
 In January 1992, Smith phoned the Spokane, Washington office of the Bureau of Alcohol, Tobacco and Firearms (ATF), and met with a government agent. Smith agreed to wear an electronic transmitter during future conversations with Owen.
 
 
 6
 On January 29, 1992, while under the surveillance of the Spokane County Sheriff's Department, Owen and Smith drove from Spokane to Post Falls, Idaho to examine potential robbery sites. In Post Falls, Smith and Owen parked their car and walked to a branch office of Security Pacific Bank, a federally insured bank. The two surveyed the bank's floor plan, discussed potential escape and diversion tactics, and ascertained the distance between the bank and the local police station. Smith and Owen agreed that on February 4, 1992, they would rob the bank.
 
 
 7
 On the afternoon of February 4, while under surveillance by the ATF, Owen and Smith drove from Washington to Idaho. The two discussed the robbery and their desire to test-fire the pistol. They left the rural highway and drove a short distance on a dirt road. Smith test-fired the weapon. When they reentered the highway, the ATF pulled their truck over and arrested Owen. The arrest occurred outside the City of Rathdrum, Idaho. Rathdrum is approximately twenty miles from Post Falls.
 
 
 8
 After his arrest, Owen consented to a search of his truck. During the search, an ATF agent found a loaded .38 caliber pistol, two ski masks, two hooded sweatshirts, a Halloween mask, a wig, and two pairs of gloves.
 
 
 9
 At trial, Owen admitted possessing the pistol on February 4. The jury found Owen guilty of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g); of carrying a firearm during or in relation to a crime of violence, in violation of 18 U.S.C. 924(c); and of attempted bank robbery, in violation of 18 U.S.C. Sec. 2113(a). The district court sentenced Owen to a total of 322 months of incarceration--comprised of concurrent terms of 262 months for attempted bank robbery and being a career criminal in possession of a firearm, 18 U.S.C. Sec. 924(e), and a consecutive term of 60 months for carrying a firearm in relation to a crime of violence--to be followed by a five-year period of supervised release. This appeal followed.
 
 DISCUSSION
 
 10
 A. Sufficiency of the Evidence for Attempted Bank Robbery
 
 1. Standard of Review
 
 11
 We review the evidence in the light most favorable to the prosecution and to the verdicts, to determine whether any rational trier of fact could have found the essential elements of the crimes of conviction to have been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992).
 
 2. Analysis
 
 12
 A conviction for an attempt requires proof of both (1) "culpable intent", and (2) "conduct constituting a substantial step toward commission of the crime that is in pursuit of that intent." United States v. Buffington, 815 F.2d 1292, 1301 (9th Cir.1987); United States v. Snell, 627 F.2d 186, 187 (9th Cir.1980), cert. denied, 450 U.S. 957 (1981). "Culpable intent" can be proved by the statement of an informant, and inferred from a defendant's conduct and the surrounding circumstances. United States v. Still, 850 F.2d 607, 608 (9th Cir.1988), cert. denied, 489 U.S. 1060 (1989); Buffington, 815 F.2d at 1302.
 
 
 13
 A "substantial step" is "conduct strongly corroborative of the firmness of the defendant's criminal intent." Still, 850 F.2d at 608. See also, Buffington, 815 F.2d at 1301. Mere preparation does not constitute a substantial step. Buffington, 815 F.2d at 1301.
 
 
 14
 In Buffington, 815 F.2d 1292, a case involving attempted bank robbery, the government presented the following evidence: possession of materials to commit the crime, including two handguns, female clothing, a makeup disguise for one defendant, and a multi-layered clothing disguise for another defendant; two visits to the bank before the attempt; and driving by the bank twice while staring into it, driving to the rear of the bank, one of the defendants staring out of the window of a nearby store toward the bank, and two of the defendants leaving their vehicle, armed, and standing with their attention directed toward the bank just prior to arrest. Buffington, 850 F.2d at 1301-02.
 
 
 15
 In Buffington, we concluded the government failed to establish culpable intent, because the defendants' actions did not indicate an intent to rob any particular bank. We also concluded in Buffington that the defendants' conduct did not cross the line between preparation and attempt. Despite their preparations, the defendants neither entered nor made any movement toward the bank: "Not only did appellants not take a single step toward the bank, they displayed no weapons and no indication that they were about to make an entry." Id. at 1303.
 
 
 16
 Similarly, in Still, another case of attempted bank robbery, the defendant sat in his van approximately 200 feet from the bank, with the motor running, wearing a long blond wig. When he was arrested, he stated, "You caught me five minutes before I was going to rob a bank." Still, 850 F.2d at 608. In his van he had a hoax bomb "which looked like a real bomb," a red pouch with a demand note taped to it, a blonde wig, a police scanner programmed to the local police department, and a "notebook containing drafts of demand notes" and the radio frequency of the local police department. Id.
 
 
 17
 Although we noted that Still's statements indicated an intent to rob the bank, because he never left his van, nor made any other movement toward the bank to effectuate his plan, we concluded that the evidence, as in Buffington, did not establish that Still had taken a "substantial step" toward commission of the crime. Id. at 610. Cf. United States v. Hummasti, 986 F.2d 337, 338 (9th Cir.), cert. denied, 113 S.Ct. 2984 (1993) (sufficient evidence where defendant entered bank, made threats and demands, and was arrested after running from the bank); United States v. Moore, 921 F.2d 207, 209 (9th Cir.1990) (sufficient evidence where informant provided the details of the robbery, and agents apprehended the defendant walking toward the bank wearing a ski mask, and carrying gloves, pillowcases, and a concealed loaded gun).
 
 
 18
 In the present case, sufficient evidence exists to support the conclusion that Owen intended to rob the Post Falls Security Pacific Bank on February 4, 1992: while under surveillance, Owen drove around the Security Pacific Bank in Post Falls on January 29, 1992, and left his car to approach the bank on foot; he surveyed the floor plan of the bank, counted the number of tellers, and determined the distance between the Post Falls police station and the bank. When arrested, Owen had a pistol, recently test-fired, masks, gloves, and hooded sweatshirts. Also, in contrast to Buffington, there was direct testimony by an informant, Smith, that Owen intended to rob that particular bank on February 4.
 
 
 19
 However, viewed in the light most favorable to the prosecution and the verdicts, the evidence is insufficient to prove Owen took a substantial step toward robbing the bank. When he was arrested, he was on a "rural highway" approximately twenty miles from Post Falls. He was not wearing any of the disguises, masks, sweatshirts, or gloves he had in his truck. He did not display the loaded gun which was under the truck's seat.
 
 
 20
 Although the government agents are to be commended for their skillful work in apprehending Owen at the time they did, the evidence falls short under the analysis of Buffington and Still of establishing that Owen had taken a substantial step toward committing the crime of bank robbery. His conduct did not constitute an "appreciable fragment" of that crime. See Buffington, 815 F.2d at 1303.
 
 
 21
 Owen was also convicted of carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. Sec. 924(c). This conviction was predicated on his conviction for attempted bank robbery. Because we reverse the attempted bank robbery conviction, we must also reverse Owen's conviction for carrying a firearm in relation to a crime of violence. Owen's conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g), remains unaffected. Because we reverse Owen's convictions for attempted bank robbery and carrying a firearm in relation to a crime of violence, we do not consider his challenge to these convictions under the Fourth Amendment.
 
 
 22
 B. Sentencing Under the Armed Career Criminal Act
 
 
 23
 Owen was sentenced under the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e). The sentence enhancement provision of 18 U.S.C. Sec. 924(e)(1) applies to previously convicted felons who possess or receive a firearm, in violation of 18 U.S.C. Sec. 922(g). When a person violates section 922(g) "and has three previous convictions ... for a violent felony ... such person shall be fined not more than $25,000 and imprisoned not less than fifteen years...." 18 U.S.C. Sec. 924(e)(1). The armed career criminal guideline, section 4B1.4, implements this statutory mandate.
 
 
 24
 Owen has six predicate violent felony convictions, all resulting from guilty pleas: two 1964 state convictions for first-degree robbery; one 1964 conviction for attempted robbery; and three federal convictions, two in 1966 and one in 1976; all for armed bank robbery.
 
 
 25
 In this appeal, Owen does not contend his prior convictions were nonviolent, nor does he refer to any evidence to support his conclusory allegation that his quilty please were constitutionally invalid. Cf. United States v. Lewis, 991 F.2d 524 (9th Cir.), cert. denied, 114 S.Ct. 216 (1993). He instead advances procedural arguments, asserting the district court erred in failing to require the government to prove the validity of his prior convictions, and implying the district court failed to entertain a collateral challenge to his prior convictions. Neither contention has merit.
 
 1. Standard of Review
 
 26
 A district court's interpretation and application of the Armed Career Criminal Act, 18 U.S.C. 924(e), is reviewed de novo. United States v. Vea-Gonzales, 999 F.2d 1326, 1328 (9th Cir.1993); United States v. O'Neal, 937 F.2d 1369, 1371 (9th Cir.1990). We review the court's factual findings at the sentencing hearing for clear error. Vea-Gonzales, 999 F.2d at 1328; United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 2. Analysis
 
 27
 The government bears the burden of establishing the existence of prior convictions. See United States v. McDougherty, 920 F.2d 569, 575 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991); United States v. Newman, 912 F.2d 1119, 1122 (9th Cir.1990). It satisfies this burden by introducing copies of a defendant's prior judgments of conviction or other reliable evidence. United States v. Potter, 895 F.2d 1231, 1238 (9th Cir.), cert. denied, 497 U.S. 1008 (1990).
 
 
 28
 Although the government must prove the existence of prior convictions to be used for sentence enhancement, it is not required to establish the validity of those convictions. The burden is on the defendant to demonstrate the invalidity of any prior convictions, and thereby prevent their consideration for sentencing purposes. United States v. Mims, 928 F.2d 310, 312 (9th Cir.1991); Newman, 912 F.2d at 1122 (defendant has burden of proof by preponderance of the evidence).
 
 
 29
 In the present case, the government satisfied its burden by presenting copies of Owen's prior convictions. We reject Owen's argument that the district court should have assigned the government the further burden of proving the validity of the guilty pleas which led to those convictions. We also reject Owen's contention that the district court did not permit him to collaterally challenge his previous convictions.
 
 
 30
 In this circuit, a district court must entertain a collateral challenge to a defendant's prior convictions if such convictions will be used to enhance the defendant's sentence. United States v. Avery, 15 F.3d 816, 817 (9th Cir.1993); Vea-Gonzales, 999 F.2d at 1331. See also Lewis, 991 F.2d at 526 ("[W]hen a prior conviction is being used against a defendant at sentencing, the Constitution requires that the defendant be permitted to attack the validity of the conviction."); Vea-Gonzales, 999 F.2d at 1333 ("[T]he Constitution requires that defendants be given the opportunity to collaterally attack prior convictions which will be used against them at sentencing.").
 
 
 31
 At Owen's first scheduled sentencing hearing, the district court granted him a five-week continuance to prepare his collateral attack on his prior convictions. The court also authorized additional funds for Owen's investigation into the validity of his prior convictions. At the continued hearing, on October 7, 1992, Owen asked for another continuance. The court denied this request. Owen then argued that his prior convictions were constitutionally defective, but he produced no supporting evidence. The court determined that Owen's prior convictions were valid predicate violent offenses, and sentenced him as an armed career criminal.
 
 
 32
 The district court gave Owen ample opportunity to mount an attack against his prior convictions. It did not err in denying his request for a further continuance. See Lewis, 991 F.2d at 525-28 (the district court is not required to grant successive continuances to allow the defense to investigate prior convictions).
 
 C. Effective Assistance of Counsel
 
 33
 We decline to consider Owen's claim of ineffective assistance of counsel. "[C]laims of ineffective assistance raise factual questions best resolved in a habeas corpus proceeding, not on direct appeal." United States v. Sanclemente-Bejarano, 861 F.2d 206, 211 (9th Cir.1988). See also United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988). "The rationale for this rule is that 'such a claim cannot be advanced without the development of facts outside the original record.' " United States v. Houtchens, 926 F.2d 824, 828 (9th Cir.1991) (quoting United States v. Birges, 723 F.2d 666, 670 (9th Cir.), cert. denied, 466 U.S. 943 (1984)).
 
 CONCLUSION
 
 34
 Owen's conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g), is affirmed. We also affirm the district court's finding that Owen was an armed career criminal. We reverse Owen's convictions for attempted bank robbery and possession of a firearm in relation to that crime of violence, and remand for resentencing. We decline to consider Owen's claim of ineffective assistance of counsel.
 
 
 35
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3