110 F.3d 72
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark G. WILKINSON, Defendant-Appellant.
 No. 96-10258.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1997.
Decided March 18, 1997.
 
 Before: REINHARDT, HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mark Wilkinson appeals his convictions for money laundering or attempted money laundering, restructuring of a transaction to avoid federal currency reporting requirements, failure to comply with federal currency reporting requirements, and conspiracy to commit a federal offense. We affirm.
 
 
 3
 Wilkinson requested a jury instruction on "attempt" that defined the elements of the offense, particularly the "substantial step" requirement. The district court refused this request and instead gave the Ninth Circuit Model Jury Instruction. The court instructed the jury that the Government must prove beyond a reasonable doubt that "the defendant did something which was a substantial step towards committing the crime," and that "[m]ere preparation is not a substantial step towards the commission of this crime." The district court has wide discretion in formulating jury instructions. The given instruction served to advise the jury sufficiently as to the nature of the offense, and the district court's refusal to more specifically define "substantial step" did not constitute an abuse of discretion.
 
 
 4
 Wilkinson's contention that the district court abused its discretion or coerced the jurors by informing them of the logistical difficulties involved in having audiotapes replayed in open court is without merit.
 
 
 5
 AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 6
 I respectfully dissent. Citing our decision in United States v. Nelson, 66 F.3d 1036 (9th Cir.1995), Wilkinson requested that a "substantial step" be defined as a step that constitutes an "appreciable fragment" of the crime and that "corroborate[s] strongly the firmness of the defendant's criminal intent." Our definition of "substantial step" in Nelson was not new but has constituted the law of the circuit for more than the last decade and has appeared consistently in our decisions over that period. See, e.g., United States v. Acuna, 9 F.3d 1442, 1447 (9th Cir.1993); United States v. Still, 850 F.2d 607, 609 (9th Cir.1988), cert. denied, 489 U.S. 1060 (1989); United States v. Buffington, 815 F.2d 1292, 1303 (9th Cir.1987); see also, e.g., United States v. Mandujano, 499 F.2d 370, 376 (5th Cir.1974) (noting that the definition of "substantial step" had been "frequently approved" by different courts, even as of 1974).
 
 
 7
 Notwithstanding this solid wall of circuit authority defining "substantial step," the district court refused to give the requested instruction on the ground that it would be "virtually a directed verdict of acquittal." This explanation amounts to nothing less than an admission that if the jury had been accurately and thoroughly instructed in accordance with our case law, it could not have convicted Wilkinson of "attempt."
 
 
 8
 The concept of a "substantial step" as an element of the crime of "attempt" is not within the ordinary experience of reasonable jurors. Defining such a term of art in accordance with our decisions is necessary to ensure that the jury finds each element of the charged offense beyond a reasonable doubt. The district court's refusal to do so was a clear abuse of discretion, if not a violation of Wilkinson's Sixth Amendment rights. Accordingly, I must dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3