NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3263
_____

UNITED STATES OF AMERICA

v.

MARK WILLIAMS,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-10-cr-00427-006)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted Under Third Circuit LAR 34.1(a)
July 9, 2013

Before: GREENAWAY, JR., SLOVITER, and BARRY, *Circuit Judges*

(Filed: July 19, 2013)

_____

OPINION
_____

SLOVITER, Circuit Judge.

Mark Williams appeals his conviction for attempted robbery that interferes with interstate commerce in violation of the Hobbs Act, 18 U.S.C. § 1951(a). Williams contends that the evidence presented at trial was insufficient to prove the elements of the offense beyond a reasonable doubt. For the reasons that follow, we will affirm the conviction and judgment of sentence.

I.

In 2010, the United States Drug Enforcement Administration ("DEA") began investigating Angel Ortiz for drug distribution and money laundering. A DEA undercover agent ("UC") was introduced to Ortiz as a money launderer and drug dealer who had recently been released from prison. Ortiz and Williams met through one of Williams' fellow police officers and concocted a series of actions that, in our view, appear bizarre.

In May 2010, Williams met with Ortiz and the UC to discuss plans to steal heroin from Ortiz's drug supplier, Miguel Santiago, using a sham traffic stop. After that plan succeeded, the UC introduced Ortiz to a second undercover agent ("UC2") who purported to launder gambling proceeds for the mafia, but who was actually an FBI agent. Ortiz believed that UC2 collected gambling proceeds and delivered the funds to UC for him to launder. Ortiz and Williams developed a plan to conduct another sham stop to steal money from UC2. Under this plan, Williams would stop Ortiz, who was ostensibly working as a courier for UC, shortly after Ortiz received the funds to be laundered from UC2.

2

Williams took a Philadelphia police property receipt from his supervisor's desk, gave it to Ortiz, and showed him how to fill it out complete with a fictitious property number. The receipt was intended to ensure that UC2 believed that the money had actually been seized by the police.

Before the plan was carried out, Williams was placed on restricted duty for reasons unrelated to this case. As a result, he was prohibited from wearing a police uniform, carrying a firearm, or taking any police action. Williams recruited a friend to participate in the robbery. The friend drove a Chevrolet Trailblazer with tinted windows and emergency lights and was going to pose as an undercover officer.

On July 9, 2010, Williams and his friend met Ortiz and the UC to discuss the robbery planned for that day. Williams was dressed in a police uniform, carried his personal firearm without authorization, and took a Philadelphia police van from the 39th Police District. Williams and his friend then went to the area where the sham traffic stop was to take place. At the last minute, however, the DEA and the FBI called off the operation.

Williams was arrested several days later. Following a jury trial, he was found guilty of, *inter alia*, attempted robbery which interferes with interstate commerce in violation of 18 U.S.C. § 1951(a). Williams appeals.[1]

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

II.

Williams challenges only his conviction for attempted robbery which interferes with interstate commerce. Williams admits that he prepared for the theft, but claims that he did not take "a substantial step toward the offense charged." Appellant's Br. at 11. Thus, he argues that the jury's verdict finding him guilty of attempted robbery was based on insufficient evidence and should be overturned. [2]

This court has held that conviction under the Hobbs Act, 18 U.S.C. § 1951, "requires proof beyond a reasonable doubt that (1) the defendant knowingly or willfully committed, or attempted or conspired to commit, robbery or extortion, and (2) the defendant's conduct affected interstate commerce." *United States v. Powell*, 693 F.3d 398, 401 (3d Cir. 2012). A defendant is guilty of an attempt to commit a crime when (1) the defendant intended to violate the statute and (2) performed an act or acts amounting to a substantial step toward the commission of the crime. *See United States v. Tykarsky*, 446 F.3d 458, 469 (3d Cir. 2006). A substantial step goes beyond "mere preparation" but falls short of completion of the offense. *United States v. Yousef*, 327 F.3d 56, 134 (2d Cir. 2003) (internal quotation marks omitted).

---

[2]     We apply a particularly deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence. It is not for us to weigh the evidence or to determine the credibility of the witnesses. Rather, we must view the evidence in the light most favorable to the government and will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (citations and internal quotation marks omitted).

The evidence presented at trial conclusively demonstrated that Williams took a substantial step toward commission of a Hobbs Act robbery. He met with others to plan the sham traffic stop, recruited a friend to participate, took a police van without permission, wore his uniform and personal firearm, drove to the location of the planned stop, and expressed frustration when authorities called off the operation at the last minute. A rational jury could have easily concluded that this evidence constitutes attempted robbery. *See, e.g.*, *United States v. Del Carmen Ramirez*, 823 F.2d 1, 2 (1st Cir. 1987) (finding substantial step toward Hobbs Act robbery where defendant surveilled the robbery location, stole a car, and proceeded to the robbery location shortly before the robbery was to take place). Thus, there is sufficient evidence to affirm the jury's verdict.[3]

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3] Williams relies almost exclusively on a pair of Ninth Circuit cases to argue that his actions were not a substantial step toward the completion of a robbery. *See United States v. Still*, 850 F.2d 607 (9th Cir. 1988); *United States v. Buffington*, 815 F.2d 1292 (9th Cir. 1987). In *Still*, the defendant stole a van, parked a short distance from a bank, and was putting on a blond wig as police apprehended him. In the van, police found a fake bomb, a red pouch with a demand note attached, a notebook containing draft demand notes, a police scanner, and the radio frequency for the local police. The defendant confessed his plans to rob the bank soon after his arrest. *See Still*, 850 F.2d at 608. Relying on *Buffington*, the Ninth Circuit held that there was no substantial step toward a bank robbery because the facts did not "establish either actual movement toward a bank or actions that are analytically similar to such movement." *Id.* at 610. While *Still* and *Buffington* undoubtedly provide some support for Williams' position, we nevertheless conclude that they take an unnecessarily restrictive view of what is required to establish a substantial step, and we therefore decline Williams' invitation to adopt the Ninth Circuit's approach.