

FILED

**NOT FOR PUBLICATION**

DEC 18 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AKIL SAEED DANIELS, AKA Akil Saed
Daniels, AKA Akil Saleel Daniels,

Defendant - Appellant.

No. 13-50325

D.C. No. 3:11-cr-00470-H-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted November 19, 2014
Pasadena, California

Before: KLEINFELD and WARDLAW, Circuit Judges, and KENNELLY, District
Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Matthew F. Kennelly, District Judge for the U.S.
District Court for the Northern District of Illinois, sitting by designation.

A jury found Akil Daniels guilty of three counts of bank robbery and one count of attempted bank robbery. Daniels appeals his convictions and his sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

Daniels contends that the evidence was insufficient to support his convictions. This court must decide "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

We begin with Daniels's bank robbery convictions, Counts 1, 2, and 4 of the indictment. Daniels confessed to the robberies. For a confession to serve as the basis for a conviction, the government need only provide evidence sufficient to corroborate the confession. *United States v. Valdez-Novoa*, 760 F.3d 1013, 1032 (9th Cir. 2014). As to Count 1, the confession was corroborated by surveillance photos of the robbery and an in-court identification by an eyewitness. As to Count 2, the confession was corroborated by surveillance photos and a photo-lineup identification by an eyewitness. As to Count 4, the confession was corroborated by surveillance photos. A rational jury could have found that this evidence was sufficient to corroborate Daniels's confession.

Next, we consider whether there was sufficient evidence to support Daniels's attempted bank robbery conviction, Count 5 of the indictment. This charge required sufficient evidence of "both culpable intent and conduct constituting a substantial step toward commission of" a bank robbery. *United States v. Still*, 850 F.2d 607, 608 (9th Cir. 1988) (internal quotation marks omitted). The evidence showed that Daniels walked into the bank, waited in a teller line, and, when asked why he was there, told the branch manager that he intended to make a withdrawal, even though he did not, in fact, hold an account with the bank. He left only after the branch manager confronted him and asked him for his debit card or account number. A rational jury could have found that this evidence established both culpable intent and a substantial step.

Daniels also contends that his sentence of 160 months of imprisonment was substantively unreasonable. This court reviews the district court's sentencing decision for abuse of discretion. *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012). The district court, after weighing the factors under 18 U.S.C. § 3553(a), reduced Daniels's Guidelines offense level from 32 to 28 and imposed a sentence in the middle of the reduced range. The sentencing disparity between Daniels and his codefendant stemmed from his much higher criminal history

3

category.  The district court did not abuse its discretion, and the sentence was not substantively unreasonable.

**AFFIRMED**.