24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Andre HILL, Defendant-Appellant.
 No. 93-30235.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1994.*
Decided May 13, 1994.
 
 Before: ALARCON, NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven Andre Hill appeals from his conviction and sentence for distribution of cocaine base. Hill claims that the district court erred by (1) denying his motion for a dismissal of the indictment based on his claim that the Government's activities amounted to outrageous conduct; (2) excluding the proffered testimony of three witnesses who claimed to have seen Scott Tredwell use and sell cocaine for his personal benefit while in the employ of the Government; (3) refusing to depart downward in Hill's sentence based on an overrepresentative criminal history score; and (4) denying Hill the right to collaterally attack a prior conviction at the sentencing hearing. We affirm because we find no merit to any of Hill's contentions.
 
 I.
 
 3
 Hill contends that the district court erred in denying his motion for dismissal based on his claim that the Government's activities amounted to outrageous conduct. Hill's claim raises a question of law which we review de novo. United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991).
 
 
 4
 Hill maintains that the Government's payment to Tredwell of $200.00 per completed drug transaction constituted outrageous Government conduct. He contends that Tredwell's $200.00 contingent fee amounted to a "bounty" and exceeded the acceptable limits of police behavior, thus violating Hill's right to due process and denying him a fair trial.
 
 
 5
 The Government's use of paid informants is an acceptable practice in the detection of criminal activity. See United States v. McQuin, 612 F.2d 1193, 1195-96 (9th Cir.), cert. denied, 445 U.S. 955 (1980); United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992) (payment to informant of $90,000 did not constitute outrageous governmental conduct); United States v. Olson, 978 F.2d 1472, 1482 (7th Cir.1992), cert. denied, 113 S.Ct. 1614 (1993) (the use of a contingent fee is not on its face outrageous). In McQuin, we rejected a claim of outrageous governmental conduct, even though the Federal Bureau of Investigation guaranteed payment to an informant only if there was an arrest and the informant subsequently testified. McQuin, 612 F.2d at 1195-96. By contrast, Tredwell's fees were contingent solely upon his completing drug transactions, which represents less involvement in a criminal investigation than was required of the informant in McQuin. Under McQuin, the Government's per-transaction payment plan with Tredwell does not constitute outrageous conduct.
 
 
 6
 Hill has not demonstrated that the Government's conduct in this matter was "so grossly shocking as to violate the universal sense of justice." Bonanno, 852 F.2d 434, 437 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989). The district court did not err in denying Hill's motion to dismiss.
 
 II.
 
 7
 Hill also argues that the district court erred in refusing to admit the proffered testimony of Nolan Stewart, Galen Hardin, and Felicia Campos, who claimed to have seen Tredwell use and sell illegal drugs while in the employ of the Government. We review the district court's evidentiary rulings for an abuse of discretion. United States v. Smith, 924 F.2d 889, 895 (9th Cir.1991).
 
 
 8
 Rule 608(b) of the Federal Rules of Evidence provides that "[s]pecific instances of the conduct of a witness, for the purposes of attacking or supporting the witness' credibility ... may not be proved by extrinsic evidence." Fed.R.Evid. 608(b). "Evidence that happens to include prior misconduct may be admissible, however, when it is offered to show the witness' possible bias or self-interest in testifying." United States v. Noti, 731 F.2d 610, 613 (9th Cir.1984).
 
 
 9
 Hill asserts that the testimony of the three witnesses would have contradicted Tredwell's testimony that he did not use drugs. According to Hill, "[s]uch bias impeachment was crucial to the defense case and presentation of the defense of entrapment."
 
 
 10
 Evidence that Tredwell was personally using or selling drugs would tend to demonstrate that he was biased against Hill only if the Government knew of Tredwell's conduct and offered him lenient treatment with regard to that conduct in exchange for his cooperation. See Noti, 731 F.2d at 613. Hill has failed to demonstrate that the Government knew that Tredwell was using or selling drugs. Moreover, we noted in Noti that evidence of an informant's drug use was relevant to impeach his credibility but was not probative of his potential bias. Id. at 613. Hill's proposed testimony similarly related to Tredwell's credibility, not any alleged bias against him.
 
 
 11
 "When the trial court excludes evidence tending to impeach a witness, it has not abused its discretion as long as the jury has in its possession sufficient information to appraise the biases and motivations of the witness." United States v. Parker, 991 F.2d 1493, 1497 (9th Cir.) (internal citation omitted), cert. denied, 114 S.Ct. 121 (1993). The jury was presented with sufficient testimony with which to weigh Tredwell's bias and motivation. Tredwell testified that, with the $200.00 per-transaction fee, he was "motivated to do as many transactions as [he] could." He admitted to his history of drug use and dealing in Minnesota. He testified that he became an informant in exchange for lenient treatment involving his illegal activities in Minnesota. He also acknowledged the money and benefits he received in both Seattle and Portland for his work as an informant. In addition, the judge instructed the jury to "examine Tredwell's testimony with greater caution than that of ordinary witnesses" and to "consider the extent to which it may have been influenced by the receipt of compensation from the Government." The district court did not abuse its discretion in refusing to admit the testimony of the three witnesses.
 
 III.
 
 12
 Hill further maintains that the district court erred in denying his motion for a downward departure at sentencing based on an overrepresentative criminal history score. Hill claims that his criminal history score overstates the severity of his crimes and exaggerates the likelihood that he will commit future offenses. The district court's discretionary refusal to depart downward is not reviewable on appeal. United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990). This rule will not apply if the district court erroneously believed that it lacked discretion to depart. United States v. Cook, 938 F.2d 149, 152 (9th Cir.1991).
 
 
 13
 The district court granted Hill a two-level downward departure for his cooperation with the strike force's ongoing investigation. The court found, however, that Hill's "criminal history category is accurately stated" and explained that "the Court declines to make any further downward departures." Hill contends that the record is unclear as to whether the district court knew that it had discretion to depart. Thus, he argues that we "should review the issue of possible departure and that it should have been granted."
 
 
 14
 Contrary to Hill's assertion, the record indicates that the court knew that it had authority to depart and granted a downward departure based upon the extent of his cooperation with the Government. The court further exercised its discretion when it "declined" to depart further based on Hill's overrepresentative criminal history claim. Under Morales, we lack the authority to review the district court's exercise of discretion at sentencing.
 
 IV.
 
 15
 Hill next alleges that the district court erred in denying his collateral attack on one of his prior Oregon state convictions at his sentencing hearing. A defendant has the right to bring a collateral attack on prior convictions which will be used against him at sentencing. United States v. Vea-Gonzales, 999 F.2d 1326, 1333 (9th Cir.1993). A defendant raising a collateral attack at his sentencing hearing must allege that his conviction was obtained in violation of the federal Constitution. See id. at 1334.
 
 
 16
 Hill alleges that one of his prior state convictions is invalid because he was indicted by a grand jury with less than seven grand jurors, as required by Oregon state law. See Goodwin v. State, 116 Or.App. 279 (1992). Hill's claim does not demonstrate the existence of a federal Constitutional violation, because the Supreme Court has held that the Fifth Amendment's Grand Jury Clause does not apply to the states. See Alexander v. Louisiana, 405 U.S. 625, 633 (1972). Thus, the district court did not err by refusing to allow Hill to collaterally attack this conviction at sentencing.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3