UNITED STATES of America, Plaintiff,

v.

**Steven Andre HILL, Defendant.**

**Nos. CR 92–146–FR, CV 97–643–FR.**

United States District Court,
D. Oregon.

Sept. 1, 1998.

---

Gary Y. Sussman, Assistant United States Attorney, Portland, OR, for Plaintiff.

Nancy Bergeson, Assistant Federal Public Defender, Portland, OR, for Defendant.

## OPINION

FRYE, District Judge.

The matter before the court is the petition of the defendant, Steven Andre Hill, for habeas corpus relief under 28 U.S.C. § 2255, to vacate, set aside or correct the sentence imposed by the court (# 81) as modified (# 92).

## BACKGROUND

After a jury trial on January 12–14, 1993, Steven Andre Hill was convicted of the crime of distributing crack cocaine base in violation of 21 U.S.C. § 841(a)(1).

On May 25, 1993, Hill was sentenced in the United States District Court for the District of Oregon, CR No. 92–146–FR, to 92 months imprisonment with eight years supervised release to follow. The court granted a reduction in the sentencing guideline range for the acceptance of responsibility as well as a reduction for substantial assistance.

Hill filed an appeal to the United States Court of Appeals for the Ninth Circuit. Hill's conviction and sentence were affirmed by mandate issued July 26, 1994. *United States v. Hill*, 24 F.3d 250 (9th Cir.), *cert. denied*, 513 U.S. 1008, 115 S.Ct. 528, 130 L.Ed.2d 432 (1994).

On April 23, 1997, Hill filed a petition under 28 U.S.C. § 2255 for a writ of habeas corpus (# 81) on the grounds that his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to his defense. The evidence that Hill argues is in his favor is that the Oregon State Youth Gang Strike Force ("Strike Force") was disbanded prior to his trial after evidence of an investigation of police misconduct and mishandling of evidence. Although an investigation by the Multnomah County District Attorney's Office revealed "problems" with the Strike Force and a need for more undercover training, "[t]he investigation revealed no evidence of organized corruption within the Task Force ... [i]n fact the evidence is to the contrary. The people within the Task Force are professional, dedicated and hardworking." Letter of District Attorney Michael D. Schrunk (attached as Exhibit C to Government's Response to Defendant's Modified Petition for Relief Under 28 U.S.C. § 2255, pp. 4–5). The Strike Force problems included signing blank vouchers for the paying of informants. Hill claims that he would have used the information as impeachment of the primary witness against him, Scott Tredwell, who was the paid informant utilized by the Strike Force. Tredwell, while body-wired by the Strike Force, paid Hill $800 for 25.18 grams of cocaine. Tredwell was paid a reward of $10,000 by the United States Drug Enforcement Administration in January of 1993. The reward was the result of a nomination, of which Tredwell had not been informed. Affidavit

of Tracy J. Dewey (attached to Government's Response to Defendant's Modified Petition for Relief Under 28 U.S.C. § 2255, pp. 57–58). The Strike Force was disbanded in July of 1993 due to a lack of funding. Affidavit of Detective Robert L. Foster (attached to Government's Response to Defendant's Modified Petition for Relief Under 28 U.S.C. § 2255, p. 43).

After the case was reassigned to United States District Judge James A. Redden on June 27, 1997, the case was stayed pending the outcome of a related case on appeal to the United States Court of Appeals for the Ninth Circuit.

On September 25, 1997, the United States Court of Appeals for the Ninth Circuit affirmed the denial of a motion for a new trial in a related case raising the same factual issues. *United States v. Preston,* CR No. 92–155–RE, Feb. 8, 1996 (unpublished opinion attached as Exhibit B to Government's Response to Defendant's Modified Petition for Relief Under 28 U.S.C. § 2255), *aff'd w/o opinion,* 127 F.3d 1107 (1997). The *Preston* trial court had ruled that a combination of police misconduct with the Strike Force and Tredwell's compensation did not warrant a new trial.

On April 17, 1998, Judge Redden ordered Hill to amend his petition or file supporting memoranda within 60 days. That same date, the case was reassigned to this court.

On June 16, 1998, Hill filed a modification of (deemed a request for leave to amend) his petition for habeas corpus relief (# 92) alleging that the government violated its obligation to disclose material and favorable information regarding the Strike Force, which would have allowed a downward departure at the time of sentencing.

## CONTENTIONS OF THE PARTIES

Hill contends that the failure of the government to disclose exculpatory information about Strike Force mismanagement and misconduct, as well as Tredwell's lack of credibility and targeting of African–Americans, foreclosed the trial court's ability to consider a downward departure based upon mitigating factors, the result of which is a violation of Hill's right to due process of law and requires resentencing.

The government contends that the conduct of the Strike Force relied upon by Hill was irrelevant to his sentencing because the Strike Force problems do not pertain to this case, and as such, Hill's due process rights were not violated. The $10,000 reward paid to Tredwell after trial in this case, but before sentencing, could not be used against Tredwell in court because he was not aware he would receive a reward. Additionally, the government contends that blank payment vouchers were not involved here.

## APPLICABLE LAW

28 U.S.C. § 2255 provides, in part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the:

motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner.

*United States v. Taylor,* 648 F.2d 565, 573 (9th Cir.1981), *cert. denied,* 454 U.S. 866, 102 S.Ct. 329, 70 L.Ed.2d 168 (1981) (internal quotations, citations and footnote omitted).

The prosecution must provide defendants with "evidence that is both favorable to the accused and material either to guilt or to punishment." *United States v. Bagley,* 473 U.S. 667, 674, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (internal quotations omit-

ted). Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 682, 105 S.Ct. 3375.

## ANALYSIS AND RULING

 The court was aware of the Strike Force and the role that Tredwell played as a paid informant when it excluded the testimony of three witnesses who claimed to have seen Tredwell use and sell cocaine for his personal benefit while in the employ of the government. The court visited these issues when it denied Hill's pretrial motion to dismiss based on outrageous government conduct relating to Tredwell's compensation.

Testimony admitted included testimony of Tredwell's bias and motivation since he had been paid $200 per transaction. Furthermore, Tredwell admitted to drug use and illegal activities while he was in the State of Minnesota. After Hill raised an entrapment defense in which he challenged the credibility of Tredwell, the court instructed the jury to examine the testimony of Tredwell with greater caution than that of an ordinary witness, considering the influence of compensation paid by the government.

The Strike Force focused on mid-level to upper-level dealers who could provide at least one ounce of crack cocaine in a single transaction. Affidavits of Portland Police Detective Robert L. Foster, Portland Police Officer Dawn D. Urban, Bureau of Alcohol, Tobacco, and Firearms Special Agent Glen L. Campbell (all attached to Government's Response to Defendant's Modified Petition for Relief Under 28 U.S.C. § 2255). There is no indication that the Strike Force was racially motivated as Hill alleges.

There is also no evidence that indicates the Strike Force mishandled evidence or used blank vouchers in *this* case. The focus is on conduct that relates to Hill's sentencing. The court is not convinced that any further information, heretofore not supplied to the court during the course of pre-trial and trial proceedings, regarding the Strike Force or Tredwell, would have changed the sentence imposed.

Based on *United States v. Preston, supra,* and the discussion presented above, Hill's petitions are not well taken.

## CONCLUSION

IT IS HEREBY ORDERED that the petitions of Hill under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence imposed by this court (# 81 and # 92, as modified) are DENIED.